# Exhibit 1

# Index to Exhibit 1

A.    Civil Cover Sheet

B.    Complaint

C.    Summons Issued

D.    Plaintiff's Notice of Filing Service of Process and
      Original Summons by Chief Financial Officer of the
      State of Florida by Electronic Delivery on Thursday,
      February 7, 2019

# FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law.  This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes.  (See instructions for completion.)

---

**I.    CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>NINTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>ORANGE</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>REVIVAL CHIROPRACTIC LLC aao JAZMINE PADIN, REVIVAL CHIROPRACTIC LLC aao NATALIE RIVERA</u>
 Plaintiff
        vs.
<u>ALLSTATE INSURANCE COMPANY, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY</u>
Defendant

---

**II.    TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000

- ☐ Non-homestead residential foreclosure $50,001 - $249,999
- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☒ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets

☐        Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**III.**     **REMEDIES SOUGHT** (check all that apply):
           ☐    Monetary;
           ☒    Non-monetary declaratory or injunctive relief;
           ☐    Punitive

**IV.**     **NUMBER OF CAUSES OF ACTION: (    )**
       (Specify)

       <u>1</u>

**V.**     **IS THIS CASE A CLASS ACTION LAWSUIT?**
           ☒   Yes
           ☐   No

**VI.**     **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
           ☒   No
           ☐   Yes – If "yes" list all related cases by name, case number and court:

**VII.**     **IS JURY TRIAL DEMANDED IN COMPLAINT?**
           ☒   Yes
           ☐   No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Alyson Michelle Laderman</u>      FL Bar No.: <u>0657980</u>
       Attorney or party                                 (Bar number, if attorney)

<u>Alyson Michelle Laderman</u>    <u>01/23/2019</u>
      (Type or print name)                             Date

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA

REVIVAL CHIROPRACTIC LLC
A/A/O JAZMINE PADIN AND
NATALIE RIVERA,

CASE NO.:

CLASS REPRESENTATION

      PLAINTIFF,

v.

ALLSTATE INSURANCE COMPANY
AND ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY,

      DEFENDANT.

_____/

## CLASS ACTION COMPLAINT

Plaintiff, REVIVAL CHIROPRACTIC LLC A/A/O JAZMINE PADIN AND NATALIE RIVERA, ("Revival" or "Plaintiff"), on behalf of itself and all others similarly situated, for its Class Action Complaint, hereby sues Defendants, ALLSTATE INSURANCE COMPANY and ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, (collectively "Allstate" or "Defendants"), and alleges as follows:

### JURISDICTION, PARTIES AND VENUE

1.     This is an action asserting class action claims for declaratory relief pursuant to Florida Rules of Civil Procedure 1.220(b)(1)(A) and/or 1.220(b)(2) and Florida Statutes Chapter 86 of which in the aggregate exceeds $15,000.00, exclusive of all costs and attorney's fees. Moreover, this action does not assert a claim for monetary relief.

2.     Plaintiff, REVIVAL CHIROPRACTIC PL is a Florida corporation authorized to do business and doing business in Seminole County, Florida.

3.     Defendant, ALLSTATE INSURANCE COMPANY, is a foreign profit

corporation authorized to transact and is transacting insurance business in Orange County, Florida, and at all times material hereto provided no-fault insurance coverage throughout the State of Florida.

4.      Defendant, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, is a foreign profit corporation authorized to transact and is transacting insurance business in Orange County, Florida, and at all times material hereto provided no-fault insurance coverage throughout the State of Florida.

5.      Venue is proper in Orange County, Florida because the Defendant has offices for transaction of its customary business in Orange County, Florida.

6.      All conditions precedent to the bringing of this claim have been performed.

## **FACTUAL BACKGROUND**

7.      At all times material hereto, Jazmine Padin ("Padin") and Natalie Rivera ("Rivera") (collectively "Insureds") were insured under policy of insurance issued by Allstate Insurance Company and Allstate Property and Casualty Insurance Company, respectively, copies of which are in the possession of Defendants.

8.      At all times material hereto, Defendants claim that their policies contained a notice pursuant to Fla. Stat. § 627.736(5)(a)(5) that they would limit payment pursuant to the fee schedules set forth in Fla. Stat. § 627.736(5)(a)(5) (the "Schedule of Maximum Charges").

9.      On or about September 29, 2017, Padin was involved in a motor vehicle accident resulting in bodily injuries to her person.

10.      On or about July 30, 2017, Rivera was involved in a motor vehicle accident resulting in bodily injuries to her person.

11.      As a direct and proximate result of their respective injuries, the Insureds received

treatment from Plaintiff, which provided reasonable, related and necessary medical services to the Insureds.

12.     At all times material hereto, Plaintiff was an assignee pursuant to a respective Assignment of Benefits for each Insured.  A true and correct copy of the Assignments of Benefits are in the possession of Defendant.

13.     Plaintiff submitted to Defendants respective claims for its services rendered pursuant to the Assignments of Benefits.

14.     In some instances, the charges for services rendered by Plaintiff were less than the amount allowed under the Schedule of Maximum Charges (the "Lesser Charges") for each of the Insureds.

15.     In response to the Lesser Charges submitted by Plaintiff, rather than pay the full amount of the Lesser Charges submitted or 80% of the Schedule of Maximum Charges, Defendants initially paid 80% of the Lesser Charges.

16.     Upon information and belief, for all claims similarly situated, where the provider has submitted a charge to Defendants for an amount less that the amount allowed by the Schedule of Maximum Charges, Defendants have failed to pay the full amount of the charge or 80% of the Schedule of Maximum Charges, and instead has paid only 80% of the charge submitted.

17.     Plaintiff, on behalf of itself and all others similarly situated, seeks a determination of its rights under the subject insurance policy, under Florida Statutes § 627.736(5)(a)5 (2016), and declaratory relief pursuant to Chapter 86.

## **PERSONAL INJURY PROTECTION HISTORY**

18.     Since the 1970's, Florida has operated under a "no-fault" system for automobile insurance. Vehicle Defendant are required to secure "personal injury protection" or "PIP" coverage which provides a minimum of $10,000.00 in combined medical expense and lost wage

coverage.

19. On or about January 1, 2008, Florida law was amended to allow insurers to limit reimbursements to 80% of certain schedules of maximum charges, i.e. the Schedule of Maximum Charges. Fla. Stat. § 627.736(5)(a)2-5 (2008).

20. Effective July 1, 2012, Fla. Stat. § 627.736 was further amended to require insurers to provide notice of the insurer's election to use the Schedule of Maximum Charges in order to limit payment to 80% of the Schedule of Maximum Charges. Further, if the Schedule of Maximum Charges are properly elected and if a provider submits a charge for less than the amount allowed by the Schedule of Maximum Charges, the insurer may pay the Lesser Charge as follows:

> [A] n insurer may limit payment as authorized by this paragraph only if the insurance policy includes a notice at the time of issuance or renewal that the insurer may limit payment pursuant to the schedule of charges specified in this paragraph. A policy form approved by the office satisfies this requirement. *If a provider submits a charge for an amount less than the amount allowed under subparagraph 1., the insurer may pay the amount of the charge submitted.*

Fla. Stat. § 627.736(5)(a)5.

21. At all times material hereto, Defendants claim their respective policies elected to use the Schedule of Maximum Charges to limit reimbursements in accordance with Fla. Stat. § 627.736(5).

## CLASS REPRESENTATIVE ALLEGATIONS

22. Plaintiff seeks to be designated as "Class Representative" and as Class Representative brings this action on its own behalf and on behalf of all insureds and their assignees similarly situated pursuant to Florida Rules of Civil Procedure 1.220(b)(1)(A) and/or 1.220(b)(2) in that inconsistent or varying adjudications concerning individual Members of the Class may establish incompatible standards of conduct for Defendants, and Defendants have acted or refused

to act on grounds or in a manner generally applicable to all Members of the Class, thereby making this action and the relief sought appropriate to the entire Class.

23.     Members are defined as follows:

> Any and all Defendant's insureds, and health care providers as assignees of Defendant's insureds, who submitted charges for less than the amount allowed under Fla. Stat. § 627.736(5)(a)1 and received payment of 80% of the charge rather than the full amount of the charge submitted or 80% of the Schedule of Maximum Charges.

Plaintiff and Class Members reserve the right to amend the class definition as discovery proceeds and to conform to the evidence.

24.     **Numerosity**: Plaintiff alleges, on information and belief, that the number of Class Members is so numerous that joinder of them is impractical.  Plaintiff's belief is based on the fact that Defendants sell a large amount of insurance policies in the State of Florida, that this issue has spanned the entire five-year statute of limitations and continues presently, and on information indicating that Defendants have a general business practice of paying only 80% of the charge submitted where the charge was for an amount less than the amount allowed by the Schedule of Maximum Charges.

25.     The Members of the Class will be easily ascertained through Defendants' records through discovery and will consist of all insureds and assignees of insureds who submitted a charge for an amount less than the amount allowed by the Schedule of Maximum Charges and were paid 80% of the charge submitted rather than the full amount of the charge or 80% of the Schedule of Maximum Charges.

26.     **Commonality**: There are questions of law and fact that are common to all Members of the Class.  The principal common issues include:

> a.   Whether Defendants are allowed to pay 80% of a charge submitted for less

than the amount allowed by the Schedule of Maximum Charges, or must reimburse the full amount of the Lesser Charge or 80% of the amount allowed by the Schedule of Maximum Charges;

b. Whether Defendants' payment of 80% of the charge submitted, rather than the full amount of the Lesser Charge or 80% of the Schedule of Maximum Charges, violates Florida law.

27. **Typicality:** The claims of the Class Representative are typical of the claims that would be asserted by other Members of the Class in that, in proving its claims, Plaintiff will prove the claims of all Class Members. Plaintiff and each Class Member is an insured or assignee of an insured under Defendants' respective PIP policies that contain the respective Policy language at issue here, whose charge submitted was for less than the amount allowed by the Schedule of Maximum Charges and was paid at 80% of the charge submitted, and Plaintiff and each Class Member will seek declaratory relief to determine their rights under Defendants' respective policies and Florida law. All Class Members, like the Plaintiff, were similarly injured by Defendant's conduct.

28. **Adequacy:** The Class Representative is a health care provider and assignee of benefits of Insureds of Defendants, doing business in Seminole County, Florida, which has no interest that conflicts with, or is otherwise antagonistic to, the interests of other Class Members. Plaintiff will fairly and adequately protect and represent the interests of each Member of the Class. Additionally, the Class Representative is fully aware of its responsibility as Class Representative and has retained experienced counsel fully capable of, and intent upon, vigorously pursuing the action. Class counsel has extensive experience in class and/or insurance claims and litigation.

29. The questions of law or fact common to the Class Representative's claims and the

claim of each Member of the Class as described above predominate over any questions of law or fact affecting only individual Members of the Class.  Moreover, class representation is clearly superior to other available methods for resolving the Plaintiff's and Class Members' claims. Judicial economy is well served by concentrating all of the Class Members' claims in one forum in one proceeding.  No undue management difficulties mitigate against class action treatment of this case.   Additionally, Defendants' actions are generally applicable to the Class as a whole thereby making declaratory relief to the entire Class particularly appropriate.

## COUNT I - DECLARATORY RELIEF

30.    The Class Representative realleges paragraphs 1 through 29 above as if specifically set forth herein.

31.    Plaintiff and each Class Member have submitted a charge to Defendants for an amount less than the amount allowed under Fla. Stat. § 627.736(5)(a)1, and have received payment of 80% of the charge.

30.    At all times material hereto, Defendants claim their respective policies elected to limit payment pursuant to the Schedule of Maximum Charges set forth in Fla. Stat. § 627.736(5).

31.    At all times material hereto, Fla. Stat. § 627.736(5)(a)5 provided that where an insurer has elected to limit payment pursuant to the Schedule of Maximum Charges and a provider submits a charge for an amount less than the amount allowed by § 627.736(5)(a)1, then "the insurer may pay the amount of the charge submitted," rather than paying 80% of the Schedule of Maximum Charges.

32.    Despite the clear and unambiguous language of Fla. Stat. § 627.736(5)(a)5, where a provider submits to Defendants a charge for less than the amount allowed under Fla. Stat. §

627.736(5)(a)1, Defendants do not pay the full amount of the charge submitted or 80% of the Schedule of Maximum Charges, but instead pays only 80% of the charge submitted.

33.     Plaintiff, on behalf of itself and Class Members, is in doubt as to its rights under Fla. Stat. § 627.736(5)(a)5, and requests that this Court declare its rights and obligations under the foregoing statute.

34.     There is a bona fide, actual, present, practical need for the Court to declare if Defendants' respective payments of only 80% of charges submitted for less than the amount allowed under the Schedule of Maximum Charges is permitted under Florida law.

35.     Plaintiff and the Class Members have an interest adverse to Defendants, and the declaration requested deals with a present ascertainable state of facts as presented in the allegations set forth above.

36.     There is an actual controversy between Defendants and Plaintiff and all Class Members concerning the application of Florida law under which Plaintiff and the Class are beneficiaries and/or assignees of insureds.

37.     Plaintiff has retained the undersigned counsel to prosecute this action and is entitled to the recovery of its reasonable attorneys' fees and costs pursuant to Fla. Stat. §§ 627.428 and/or 627.736(8).

WHEREFORE, Plaintiff, REVIVAL CHIROPRACTIC LLC A/A/O JAZMINE PADIN AND NATALIE RIVERA, respectfully requests this Court order the following relief against the Defendants, ALLSTATE INSURANCE COMPANY AND ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY:

A.     Finding that this action satisfies the prerequisites for maintenance as a Class Action set forth in Florida Rules of Civil Procedure 1.220(b)(1)(A) and/or 1.220(b)(2);

B.      Designating Plaintiff as Representative of the Class and its counsel as Class

Counsel;

C.      Entering a judgment in favor of Plaintiff and the Class Members and against

Defendants as follows:

1.      Certifying that this case is properly maintainable as a Class Action under

Florida Rules of Civil Procedure 1.220(b)(1)(A) and/or 1.220(b)(2);

2.      Declaring that Defendants violated Florida law by paying only 80% of

the charges submitted where the charges submitted were for less than the amounts

allowed pursuant to Fla. Stat. § 627.736(5)(a)1;

3.      Requiring Defendants to pay Plaintiff's reasonable attorneys' fees and costs

pursuant to Fla. Stat. §§ 627.428 and/or 627.736(8); and

4.      Granting such further relief as the Court deems just and equitable.

Dated this _____, 2018.

Respectfully submitted,


*/s/ Lawrence M. Kopelman*
LAWRENCE M. KOPELMAN, P.A.
Lawrence M. Kopelman
Florida Bar No. 288845
LMK@kopelblank.com
One West Las Olas Blvd., Suite 500
Fort Lauderdale, FL  33301
Telephone: (954) 462-6855
Facsimile:(954) 525-4300

*/s/ Alyson M. Laderman* .
THE ORLANDO LAW GROUP, P.L.
Alyson M. Laderman
Florida Bar No. 657980
P: ALaderman@theorlandolawgroup.com
S: MAcevedo@theorlandolawgroup.com
940 Centre Circle, Suite 3002

Altamonte Springs, FL 32714
Telephone: (407) 512-4394 ext. 118
Facsimile: (407) 955-4654

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

REVIVAL CHIROPRACTIC LLC
A/A/O JAZMINE PADIN AND NATALIE
RIVERA,

CASE NO.:    2019-CA-940

      PLAINTIFF,

v.

ALLSTATE INSURANCE COMPANY AND
ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY,

      DEFENDANT.

_____/

**SUMMONS: PERSONAL SERVICE ON A CORPORATION**
**ORDEN DE COMPARECENCIA: SERVICIO PERSONAL EN UN INDIVIDUO**
**CITATION: L'ASSIGNATION PERSONAL SUR UN INDIVIDUEL**

**TO:**    **ALLSTATE INSURANCE COMPANY**
       **c/o Florida Chief Financial Officer as RA**
       **200 East Gaines Street**
       **Tallahassee, FL 32399-4201**

**IMPORTANT**

    A lawsuit has been filed against you.  You have twenty (20) calendar days after this Summons is served on you to file a written response to the attached Complaint with the Clerk of this Court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

    If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney", **Alyson Laderman, Esquire, The Orlando Law Group, PL, 12301 Lake Underhill Road, Suite 213, Orlando, Florida 32828**.

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante), **Alyson Laderman, Esquire, The Orlando Law Group, PL, 12301 Lake Underhill Road, Suite 213, Orlando, Florida 32828**.

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez vingt (20) jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous, **Alyson Laderman, Esquire, The Orlando Law Group, PL, 12301 Lake Underhill Road, Suite 213, Orlando, Florida 32828**.

## THE STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE: You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named person.

DATED: _____1/29/2019_____



CLERK OF THE COURT
Tiffany Moore Russell
 s/ Dania Lopez, Deputy Clerk
 2019.01.29 03:05:15 -05'00'
 Civil Division
 425 N. Orange Avenue
 Room 310
 Orlando, Florida 32801

By: _____

Deputy Clerk

**If you are a person with a disability who needs any accommodation in order to participate in a court proceeding or event, you are entitled, at no cost to you, to the provision of certain assistance. Please contact: in Orange County, ADA Coordinator, Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida, (407) 836-2303, fax: 407-836-2204 at least 7 days before your scheduled court appearance, or immediately upon receiving notification if the time before the scheduled court appearance is less than 7 days. If you are hearing or voice impaired, call 711 to reach the Telecommunications Relay Service.**

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

REVIVAL CHIROPRACTIC LLC                    CASE NO.:
A/A/O JAZMINE PADIN AND NATALIE
RIVERA,

      PLAINTIFF,

v.

ALLSTATE INSURANCE COMPANY AND
ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY,

      DEFENDANT.

_____/

**SUMMONS: PERSONAL SERVICE ON A CORPORATION**
**ORDEN DE COMPARECENCIA: SERVICIO PERSONAL EN UN INDIVIDUO**
**CITATION: L'ASSIGNATION PERSONAL SUR UN INDIVIDUEL**

**TO:   ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY**
      **c/o Florida Chief Financial Officer as RA**
      **200 East Gaines Street**
      **Tallahassee, FL 32399-4201**

**<u>IMPORTANT</u>**

    A lawsuit has been filed against you.  You have twenty (20) calendar days after this Summons is served on you to file a written response to the attached Complaint with the Clerk of this Court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

    If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney", **Alyson Laderman, Esquire, The Orlando Law Group, PL, 12301 Lake Underhill Road, Suite 213, Orlando, Florida 32828**.

**<u>IMPORTANTE</u>**

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante), **Alyson Laderman, Esquire, The Orlando Law Group, PL, 12301 Lake Underhill Road, Suite 213, Orlando, Florida 32828**.

## **IMPORTANT**

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez vingt (20) jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous, **Alyson Laderman, Esquire, The Orlando Law Group, PL, 12301 Lake Underhill Road, Suite 213, Orlando, Florida 32828**.

**THE STATE OF FLORIDA**

TO EACH SHERIFF OF THE STATE: You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named person.

DATED: _____          (SEAL)

CLERK OF THE COURT
Tiffany Moore Russell

By: _____

Deputy Clerk

  **If you are a person with a disability who needs any accommodation in order to participate in a court proceeding or event, you are entitled, at no cost to you, to the provision of certain assistance. Please contact: in Orange County, ADA Coordinator, Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida, (407) 836-2303, fax: 407-836-2204 at least 7 days before your scheduled court appearance, or immediately upon receiving notification if the time before the scheduled court appearance is less than 7 days. If you are hearing or voice impaired, call 711 to reach the Telecommunications Relay Service.**

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

REVIVAL CHIROPRACTIC LLC A/A/O      CASE NO.: 2019-CA-000940-O
JAZMINE PADIN AND NATALIE
RIVERA,

      PLAINTIFF,

v.

ALLSTATE INSURANCE COMPANY
AND ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY,

      DEFENDANT.

_____/

## PLAINTIFF'S NOTICE OF FILING SERVICE OF
## PROCESS AND ORIGINAL SUMMONS

COMES NOW, the Plaintiff, REVIVAL CHIROPRACTIC LLC A/A/O JAZMINE
PADIN AND NATALIE RIVERA, by and through the undersigned counsel and
pursuant to the Florida Rules of Civil Procedure, hereby files its Notice of Filing the
Service of Process and Original Summons.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via the
Florida E-Portal on February 7, 2019.

**THE ORLANDO LAW GROUP, PL**
940 Centre Circle, Suite 3002
Altamonte Springs, FL 32714
Telephone: (407) 512-4394
Facsimile: (407) 955-4654
ATTORNEYS FOR PLAINTIFF
Primary: Aladerman@TheOrlandoLawGroup.com

Secondary: Macevedo@theorlandolawgroup.com

/s/   ALYSON M. LADERMAN
**ALYSON M. LADERMAN, ESQUIRE**
Florida Bar No.: 657980

*19-000033334*

CHIEF FINANCIAL OFFICER
JIMMY PATRONIS
STATE OF FLORIDA

---

REVIVAL CHIROPRACTIC LLC A/A/O JAZMINE
PADIN AND NATALIE RIVERA

PLAINTIFF(S)

VS.

ALLSTATE INSURANCE COMPANY AND
ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY

DEFENDANT(S)
_____/

SUMMONS, COMPLAINT, CIVIL COVER SHEET

**CASE #:**    **2019-CA-940**
**COURT:**    **NINTH JUDICIAL CIRCUIT**
**COUNTY:**    **ORANGE COUNTY**
**DFS-SOP #:** 19-000033334

# NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the
State of Florida. Said  process was received in my office by ELECTRONIC DELIVERY on Friday,
February 1, 2019 and a copy was forwarded by ELECTRONIC DELIVERY on Thursday, February 7,
2019 to the designated agent for the named entity as shown below.

ALLSTATE INSURANCE COMPANY
DONNA MOCH
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

**\*Our office will only serve the initial process(Summons and Complaint) or Subpoena and is not responsible
for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court
pursuant to Florida Rules of Civil Procedure, Rule  #1.080**

Jimmy Patronis

Chief Financial Officer

ALYSON M. LADERMAN
PARTNER
THE ORLANDO LAW GROUP
12301 LAKE UNDERHILL ROAD
SUITE 213
ORLANDO, FL 32828

DKG

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

REVIVAL CHIROPRACTIC LLC              CASE NO.:    2019-CA-940
A/A/O JAZMINE PADIN AND NATALIE
RIVERA,

       PLAINTIFF,

v.

ALLSTATE INSURANCE COMPANY AND
ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY,

       DEFENDANT.

_____/

**SUMMONS: PERSONAL SERVICE ON A CORPORATION**
**ORDEN DE COMPARECENCIA: SERVICIO PERSONAL EN UN INDIVIDUO**
**CITATION: L'ASSIGNATION PERSONAL SUR UN INDIVIDUEL**

**TO:**    **ALLSTATE INSURANCE COMPANY**
       **c/o Florida Chief Financial Officer as RA**
       **200 East Gaines Street**
       **Tallahassee, FL 32399-4201**

**IMPORTANT**

      A lawsuit has been filed against you.  You have twenty (20) calendar days after this Summons is served on you to file a written response to the attached Complaint with the Clerk of this Court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

      If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney", **Alyson Laderman, Esquire, The Orlando Law Group, PL, 12301 Lake Underhill Road, Suite 213, Orlando, Florida 32828**.

**IMPORTANTE**

RECEIVED AS STATUTORY REGISTERED AGENT
on 01 February, 2019 and served on defendant or named party on 07 February, 2019
by the Florida Department of Financial Services

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante), **Alyson Laderman, Esquire, The Orlando Law Group, PL, 12301 Lake Underhill Road, Suite 213, Orlando, Florida 32828**.

## **IMPORTANT**

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez vingt (20) jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous, **Alyson Laderman, Esquire, The Orlando Law Group, PL, 12301 Lake Underhill Road, Suite 213, Orlando, Florida 32828**.

## **THE STATE OF FLORIDA**

TO EACH SHERIFF OF THE STATE: You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named person.

DATED: _____1/29/2019_____



CLERK OF THE COURT
Tiffany Moore Russell

Civil Division
425 N. Orange Avenue
Room 310
Orlando, Florida 32801

By: _____

Deputy Clerk

**If you are a person with a disability who needs any accommodation in order to participate in a court proceeding or event, you are entitled, at no cost to you, to the provision of certain assistance. Please contact: in Orange County, ADA Coordinator, Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida, (407) 836-2303, fax: 407-836-2204 at least 7 days before your scheduled court appearance, or immediately upon receiving notification if the time before the scheduled court appearance is less than 7 days. If you are hearing or voice impaired, call 711 to reach the Telecommunications Relay Service.**