IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:19-cv-00445-PGB-LRH

REVIVAL CHIROPRACTIC LLC
A/A/O JAZMINE PADIN AND
NATALIE RIVERA,

       Plaintiff,

v.

ALLSTATE INSURANCE COMPANY
AND ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY,

       Defendants.

_____/

**DEFENDANTS' MOTION FOR CERTIFICATION FOR**
**INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)**

**INTRODUCTION**

On March 5, 2020, the Court entered an Order (Doc. 47) granting Plaintiff's Amended Motion for Summary Judgment and Denying Defendants' Motion for Summary Judgment. Defendants Allstate Insurance Company and Allstate Property and Casualty Insurance Company (collectively "Allstate") respectfully move the Court, under Rule 59 of the Federal Rules of Civil Procedure, to modify the Order to include a certificate of immediate appeal under 28 U.S.C. § 1292(b). Allstate submits that the Order "involve[s] a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

## ARGUMENT

The Order meets all the requirements for certification under section 1292(b), and an immediate appeal of this Court's ruling is warranted. **First**, the Order involves a controlling question of law as to which there is a substantial ground for difference of opinion. The Eleventh Circuit has held that "§ 1292(b) appeals were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." *McFarlin v. Conseco Servs., LLC,* 381 F.3d 1251, 1259 (11th Cir. 2004). Under section 1292(b), a controlling question is "a question of the meaning of the statutory or constitutional provision, regulation or common law doctrine" that is a question of "pure law" which "the court of appeals can decide quickly and cleanly without having to study the record." *Id.* at 1258. This issue must be "controlling of at least a substantial part of the case." *Id*. at 1264. "The legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law." *Id.* at 1259.

Unlike many orders, which may involve conflicting versions of the facts, credibility determinations, and even disagreements over legal standards, this Order was based on an agreed set of material facts and turned on a purely legal issue—whether Fla. Stat. § 627.736 permits an insurer to calculate PIP benefits as Allstate does, or whether, as Plaintiff maintains, Allstate's method violates Florida law. Although the parties obviously disagree as to how the question should be answered, both sides agree that this is a controlling question of law, not a disputed issue of fact or a mixed question of law and fact. Nor does this decision

involve the application of facts to "well-accepted law." *See McFarlane*, 381 F.3d at 1262. In addition, the legal question under review is stated at a high enough level of abstraction to give it general relevance to other cases in this same area of PIP litigation, which is fertile ground in Florida. Such a pure legal question meets the first requirement for certification. *See Barrientos v. CoreCivic, Inc.*, 951 F.3d 1269, (11th Cir. 2020) ("discrete and abstract legal issue the district court identified" is appropriate for review under 28 U.S.C. § 1292(b)); *Southstar Capital Group, I, LLC v. 1662 Multifamily LLC*, 2019 WL 3752892 at *4 (M.D. Fla. August 8, 2019)(Byron, J.) (granting section 1292(b) certification of issue that is "susceptible to straightforward, fact-light review that will not be unduly burdensome").

**Second**, there is a substantial ground for difference of opinion on this question of statutory interpretation. Allstate is not asking this Court to doubt the correctness of its interpretation of the statute—to grant certification, the Court need only recognize that no authority squarely answers the question and there is substantial room for difference of opinion. *See McFarlin, 3*81 F.3d at 1258-60. There is no controlling authority on this precise issue from either the Eleventh Circuit or the Supreme Court of Florida, nor is there a consensus from the Florida District Courts of Appeal. Indeed, the only District Court of Appeal to have addressed the issue, discussed below, seems to have muddied the waters.

Allstate respectfully submits that Fla. Stat. § 627.736 is equally susceptible of an interpretation contrary to that reached in the Order.[1] Specifically, Allstate submits that it is

---

[1] Multiple lower courts have found that the statute permits payment at 80% for charges lower than the fee schedule. *See Royal Palm Chiropractic & Rehab Center P.A. (a/a/o Emily Hansen) v. GEICO General Insurance Co.*, No. 2017 SC 009430 (Palm Beach Cty. May 8, 2019); *Spine & Extremity RehabilitationCenter Inc. (a/a/o Kristela Jean Baptiste) v. GEICO*

equally plausible to interpret the statute, consistent with the plain language of the statute, as requiring the insurer to pay "eighty percent of all reasonable expenses" when a provider's self-declared "reasonable expenses" are less than the schedule of maximum charges authorized elsewhere in the statute. This interpretation harmonizes all sections and subsections of the statute, gives proper weight to all the statutory language, and is consistent with the legislative intent behind the statute, because the PIP mandate to only pay 80% of reasonable expenses is inviolable. *See State Farm Mut. Auto. Ins. Co. v. MRI Assocs. of Tampa, Inc.,* 252 So. 3d 773, 777 (Fla. 2d DCA 2018) (a "PIP policy **cannot** contain a statement that the insurer will **not pay eighty percent** of reasonable charges because no insurer can disclaim the PIP statute's reasonable medical expenses coverage mandate") (emphasis added) (quoting *Allstate Ins. Co. v. Orthopedic Specialists,* 212 So. 3d 973, 977 (Fla. 2017)), *review granted* 2019 WL 3214553, Case No. SC18-1390 (*certified as a question of great public importance*). An insurer may treat the lower billed amount as a presumptively reasonable charge that the provider agreed to accept and pay the required 80%. *See* § 627.736(5)(a), Fla. Stat. (medical providers "may charge the insurer and injured party only a reasonable amount").

---

*Indemnity Co.,* 26 Fla. L. Weekly Supp. 688a (St. Lucie Cty. September 20, 2018) (finding insurer properly paid BA charge at 80%); *Atlas Injury Center, Inc. (a/a/o Malcolm King Cole) v. Progressive Am. Ins. Co.*, 26 Fla. L. Weekly Supp. 409a (Miami-Dade Cty. Ct. July 20, 2018); *Columna, Inc. d/b/a Thomas Roush, M.D. (a/a/o Ashley Exantus) v. GEICO Indemnity Company*, No. 2016-SC-011754 (Palm Beach Cty. Ct. May 30, 2018); *Aventura Wellness and Rehab Center (a/a/o Beatriz Bruce) v. Progressive American Ins. Co.*, 26 Fla. L. Weekly Supp. 311b (Miami- Dade Cty. Ct. March 14, 2018); *Physicians Group, LLC (a/a/o Jimetra West) v. GEICO Indemnity Co.*, No. 16-CC-019155 (Hillsborough Cty. Ct. Feb. 6, 2017).

This Court cited the Fifth District Court of Appeal's recent *Irizarry* decision, but that case is equally susceptible of supporting Allstate's construction of the statute. *GEICO Indem. Co. v. Accident & Injury Clinic, Inc.*, No. 5D19-409, 2019 WL 6974264 (Fla. 5th DCA Dec. 20, 2019). An issue in *Irizarry* is whether the plain language of the PIP statute precludes an insurer from limits its reimbursement to 80% of the total billed amount when the amount billed is less than the fee schedule. After losing on that issue in the lower court, GEICO asked the Fifth District to quash the lower court decision, arguing as follows:

> Geico now petitions for a writ of certiorari, arguing that the circuit court departed from the essential requirements of law by misinterpreting section 627.736(5) to mandate that an insurer must reimburse the full amount billed, where the amount billed is less than the maximum allowed under the statutory fee schedule.

2019 WL 6974264 at *3. Despite the Fifth District's *dicta* regarding the statute, the court agreed with GEICO and quashed the lower court's decision. In quashing that decision, the Fifth District rejected the lower court's determination that the statute prohibited any PIP payments that were less than the full amount billed, when less than the fee schedule.[2]

**Third**, an immediate appeal from the Order will materially advance the ultimate termination of the litigation. Cases appropriate for certification involve "a defense disputing the right to maintain the action," on which a decision could swiftly end the lawsuit. *Fed.*

---

[2] The Fifth District also itself noted that the statutory fee schedule is the "maximum" (not the minimum) charge an insurer is required to pay. *See* § 627.736(5)(a), Fla. Stat. (medical providers "may charge the insurer and injured party only a reasonable amount" and "such a charge may not exceed the amount the person or institution customarily charges for like services or supplies"). Requiring payment of an amount exceeding a billed amount violates this statutory requirement.

*Hous. Fin. Agency v. UBS Americas, Inc.,* 858 F.Supp.2d 306, 337 (S.D.N.Y.2012). Similarly, an immediate appeal materially advances the termination of the lawsuit if it would, among other things, "(1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." *Coates v. Brazoria Cty. Tex.,* 919 F.Supp.2d 863, 867 (S.D.Tex.2013). Here, the ultimate outcome, after appeal, of the legal issue at the center of the Order is likely to be dispositive of the litigation. On the one hand, if the court on appeal were to agree with Allstate, that Florida law permits Allstate to calculate PIP benefits in the manner challenged in this case, then Allstate would be entitled to summary judgment, and the case should be dismissed. On the other hand, if the Court's ruling on this legal issue were to be affirmed on appeal, that ultimate ruling would go far to advancing the litigation. Resolution of this issue may well be dispositive of the litigation, and at a minimum, would materially advance the case by significantly narrowing the issues remaining after remand from the Eleventh Circuit. *See Mamani v. Berzain*, No. 07-224592014, WL 12689038 at *3 (S.D. Fla. 2014), *aff'd in part, appeal denied in part*, 825 F.3d 1304 (11th Cir. 2016). All three criteria for certification under Section 1292(b) are met here.

Finally, Allstate respectfully requests that the Court stay all proceedings pending its consideration of the instant motion for certification and, if certification is granted, pending Allstate's interlocutory appeal. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). Courts routinely grant stays in connection with a Section 1292(b) certification.

*See, e.g., Southstar Capital Group, supra, I,* 2019 WL 3752892 (M.D. Fla. August 8, 2019)(Byron, J.)(granting stay pending appeal under § 1292(b)); *Dial v. Healthspring of Ala., Inc.,* 612 F. Supp. 2d 1205, 1209 (S.D. Ala. 2007), *rev'd,* 541 F.3d 1044 (11th Cir. 2008); *Benedict v. Town of Newburgh,* 95 F. Supp. 2d 136, 144 (S.D.N.Y. 2000); *Shochet Sec., Inc. v. First Union Corp.,* 663 F. Supp. 1035, 1038 (S.D. Fla. 1987).

## CONCLUSION

For these reasons, Allstate submits that the requirements of section 1292(b) certification are met, and the Court should certify the Order for immediate appeal and stay proceedings pending resolution of such appeal.

## LOCAL RULE 3.01(G) CERTIFICATE OF CONFERENCE

Counsel for Defendants conferred with counsel for Plaintiff on on or about March 27, 2020 in accordance with Local Rule 3.01(g). Plaintiff indicated it opposes the relief sought in this Motion.

Respectfully submitted this 2nd day of April, 2020.

>*/s/ Peter J. Valeta*
>Peter J. Valeta
>Florida Bar No. 327557
>COZEN O'CONNOR
>Email: pvaleta@cozen.com
>123 N Upper Wacker Dr. Suite 1800
>Chicago, IL 60606
>Tel:  (312) 474-7895
>Fax:  (312) 878-2022
>
>Alexandra J. Schultz
>Florida Bar No. 122100
>COZEN O'CONNOR
>Email: aschultz@cozen.com
>One North Clematis St., Suite 510
>West Palm Beach, FL 33401

Tel: (561) 515-5250
Fax: (561) 515-5230

*Attorneys for Defendants Allstate Insurance Company and Allstate Property & Casualty Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 2, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

*/s/ Peter J. Valeta*
Peter J. Valeta

**SERVICE LIST**

| | |
|---|---|
| Lawrence M. Kopelman | Alyson M. Laderman |
| LAWRENCE M. KOPELMAN, P.A. | BLOODWORTH LAW, PLLC |
| One West Las Olas Blvd., Suite 500 | 801 N. Magnolia Avenue, Suite 216 |
| Fort Lauderdale, FL 33301 | Orlando, FL 32803 |
| Telephone: (954) 462-6855 | Telephone: (407) 777-8541 |
| Facsimile:(954) 525-4300 | Facsimile: (407) 955-4654 |
| LMK@kopelblank.com | ALaderman@LawyerFightsForYou.com |
| *Attorney for Plaintiff* | *Attorney for Plaintiff* |

45602875_1