UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

REVIVAL CHIROPRACTIC LLC
A/A/O JAZMINE PADIN AND　　　　　　CASE NO.:  6:19-cv-00445-PGB-LRH
NATALIE RIVERA,

    PLAINTIFF,

v.

ALLSTATE INSURANCE COMPANY
AND ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY,

    DEFENDANTS.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION FOR CERTIFICATION FOR
INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)**

    Plaintiff, REVIVAL CHIROPRACTIC LLC A/A/O JAZMINE PADIN AND NATALIE RIVERA ("Plaintiff"), by and through the undersigned counsel, and pursuant to Local Rule 3.01, files this response in opposition to Defendants' Motion for Certification for Interlocutory Appeal Under 28 U.S.C. § 1292(b) (Doc. 49) ("Defendants' Motion"). Defendants ALLSTATE INSURANCE COMPANY and ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY (collectively, "Defendants") seek immediate appeal of this Court's Order granting Plaintiff's Amended Motion for Summary Judgment and denying Defendants' Motion for Summary Judgment (Doc. 47). Defendants' Motion should be denied because Defendants have not established, and cannot establish, that there is substantial ground for

difference of opinion and, therefore, immediate appeal from the Order will not materially advance the ultimate termination of the litigation.

### I. Legal Standard

"[T]he party seeking certification bears the heavy burden of establishing that all the elements of § 1292(b) are satisfied and that an immediate appeal is warranted.… Given the heavy burden, there is a strong presumption against interlocutory appeals." *Reyes v. BCA Fin. Servs., Inc.*, No. 16-24077-CIV-GOODMAN, 2018 WL 2849768, at *3 (S.D. Fla. June 9, 2018) (citations omitted).

Interlocutory appeal under 28 U.S.C. § 1292(b) serves as a "rare exception" to the general rule that final judgment must precede appellate review. *McFarlin v. Canseco Servs., LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004). "The Supreme Court has made clear that interlocutory review under Section 1292(b) should be the exception rather than the rule." *Smiley v. Costco Wholesale Corp.*, No. 8:18-cv-2410-T-33JSS, 2019 WL 4345783, at *2 (M.D. Fla. Sept. 12, 2019) (citing *Caterpillar v. Lewis*, 519 U.S. 61, 74 (1996)). "The Eleventh Circuit has determined the liberal use of § 1292(b) to be bad policy as it may promote piecemeal appeals…. Accordingly, § 1292(b) certification is only proper 'in exceptional cases where decision of the appeal may avoid protracted and expensive litigation ... where a question which would be dispositive of the litigation is raised and there is serious doubt as to how it should be decided.'" *Nat'l Union Fire Ins. Co. of Pittsburgh v. Tyco Integrated Sec., LLC*, No. 13-CIV-80371-BLOOM, 2015 WL 11251735, at *1 (S.D. Fla. Jul. 8, 2015) (quoting *McFarlin*, 381 F.3d at 1256). "Acknowledging the profound hurdles most parties face in seeking interlocutory appeal, the Eleventh Circuit

has characterized this certification as a 'high threshold,' admitting that '[m]ost interlocutory orders do not meet this test.'" *Id.* (quoting *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1359 (11th Cir. 2008)).

Defendants have not met their burden to obtain certification for an interlocutory appeal.

## II. There Is Not Substantial Ground for Difference of Opinion.

Defendants have not set forth any persuasive argument, or really any argument at all, to support a substantial ground for a differing opinion from that of this Court. Defendants have not cited any case law that supports their request for certification, and have asserted nothing more than conclusions.

"To demonstrate a substantial ground for difference of opinion, the appellant must show 'a legal issue is (1) difficult and of first impression, (2) the district courts of the controlling circuit are split as to the issue, or (3) the circuits are split on the issue.'" *Smiley*, 2019 WL 4345783, at *2 (quoting *Flaum v. Doctor's Assocs., Inc.*, No. 12-61198-CIV, 2016 WL 8677304, at *1 (S.D. Fla. Oct. 27, 2016)). Here, the legal issue is not difficult as it involves construction of an unambiguous statute; it is not an issue of first impression as a Florida appellate court has ruled on the issue; and there are no other decisions in this circuit on the issue, so there is no split of authority.

While Defendants may not like the Court's ruling, "the mere claim that the district court's ruling is incorrect does not support a finding that there is substantial ground for difference of opinion." *Reyes*, 2018 WL 2849768, at *3 (citations omitted); *see also Flint Riverkeeper, Inc. v. S. Mills, Inc.*, 261 F. Supp. 3d 1345, 1347 (M.D. Ga. 2017) ("Neither

the mere lack of authority on the issue nor the claim that the district court's ruling is incorrect constitutes a substantial ground for difference of opinion."); *Consub Del. LLC v. Schahin Engenharia Limitada*, 476 F. Supp. 2d 305, 309-310 (S.D.N.Y. 2007), *aff'd,* 543 F.3d 104 (2d Cir. 2008), *abrogated in part on other grounds by Shipping Corp. of India, Ltd. v. Jaldhi Overseas Pte Ltd.,* 585 F.3d 58 (2d Cir.2009) ("A mere claim that a district court's decision was incorrect does not suffice to establish substantial ground for a difference of opinion."). Moreover, "mere disagreement, even if vehement, with a court's ruling … does not establish a 'substantial ground for difference of opinion' sufficient to satisfy the statutory requirements for an interlocutory appeal." *Wash. Tennis & Educ. Found., Inc. v. Clark Nexsen, Inc.,* 324 F. Supp. 3d 128, 145 (D.D.C. 2018); *see also Nat'l Cmty. Reinvestment Coalition v. Accredited Home Lenders Holding Co.*, 597 F. Supp. 2d 120, 122 (D.D.C. 2009) (same); *Kowalski v. Anova Food, LLC*, 958 F. Supp. 2d 1147, 1165 (D. Haw. 2013) ("A party's strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference'; the proponent of an appeal must make some greater showing."); *Mateo v. M/S Kiso*, 805 F. Supp. 792, 800 (N.D. Cal. 1992), *abrogated on other grounds by Brockmeyer v. May*, 361 F.3d 1222 (9th Cir. 2004) (same).

Here, there is not substantial ground for difference of opinion with regard to Fla. Stat. § 627.736(5)(a)(5)'s unambiguous language that if a provider submits a bill for less than the amount allowed under § 627.736(5)(a)(1) – that is, a bill for less than 80% of the amount allowed under the Schedule – "the insurer may pay the amount of the charge submitted." Fla. Stat. § 627.736(5)(a)(5). Where language is unambiguous, there is no substantial ground for difference of opinion. *See State Nat'l Ins. Co. v. City of Miami*, No.

4

08-22861-CIV-SEITZ, 2009 WL 10669079, at *2 (S.D. Fla. Oct. 21, 2009) (where there is only one reasonable interpretation of a contract, no substantial ground for difference of opinion exists); *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.,* 426 F. Supp. 2d 125, 129-130 (S.D.N.Y. 2005) (no substantial ground for difference of opinion when court finds specified language in indenture is unambiguous); *Barrett v. Burt,* 250 F. Supp. 904, 907 (S.D. Iowa 1966) (while there were no cases interpreting the language, the court found no substantial grounds for difference of opinion concerning the meaning of "relative rights" as it is contained in Iowa statute). Applying well-established canons of statutory interpretation, this Court correctly and expressly found that the provisions at issue are clear and unambiguous. (Doc. 47 at 9).

Moreover, as referenced in this Court's Order, this unambiguous statutory language recently was construed and the issue decided by a Florida appellate court, which held, "if the billed amount *is less than 80% of the fee schedule* (the required amount an insurer must pay), the insurer may opt to pay the lower billed amount in full." *Geico Indem. Co. v. Accident & Injury Clinic, Inc.,* No. 5D19-1409, 2019 WL 6974264, at *3, --- So. 3d. --- (Fla. 5th DCA Dec. 20, 2019), *reh'g denied* (Feb. 26, 2020).[1]

---

[1] The Fifth District Court's decision is binding on this Court. "The decisions of the district courts of appeal represent the law of Florida unless and until they are overruled by [the Florida Supreme Court]." *Pardo v. State*, 596 So. 2d 665, 666 (Fla. 1992). "[T]he rule is that, absent a decision from the state supreme court on an issue of state law, we are bound to follow decisions of the state's intermediate appellate courts unless there is some persuasive indication that the highest court of the state would decide the issue differently." *McMahan v. Toto*, 311 F.3d 1077, 1080 (11th Cir. 2002)*, abrogated on other grounds, Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254 (11th Cir. 2011); *see also Evanston Ins. Co. v. Design Build Interamerican, Inc.*, 569 Fed. App'x 739, 742 n.5 (11th Cir. 2014) (same); *All Family Clinic of Daytona Beach, Inc. v. State Farm Mut. Auto.*

Despite the clearly contrary *Geico* decision, Defendants falsely state that "the Court need only recognize that no authority squarely answers the question and there is substantial room for difference of opinion," (Doc. 49 at 3), and ludicrously argue that *Geico* "is equally susceptible of supporting Allstate's construction of the statute." (*Id.* at 5). To the contrary, *Geico* undeniably supports Plaintiff's construction: "Accordingly, if the billed amount *is less than 80% of the fee schedule* (the required amount an insurer must pay), the insurer may opt to pay the lower billed amount in full." *Geico*, 2019 WL 6974264, at *3 (underlined emphasis added). This is precisely Plaintiff's position. No construction of the *Geico* decision supports Defendants' view that they may pay 80% of the lower billed amount.

Additionally, while certification is appropriate where a difference of opinion exists among courts, Defendants have not cited to any such difference of opinion regarding this Court's decision.[2] In *Goodman v. Safeco Ins. Co. of Ill.*, No. 8:13-cv-2641-T-30EAJ, 2015 WL 1399655 (M.D. Fla. Mar. 26, 2015), the court denied certification where there was no showing of a substantial ground for difference of opinion among courts on the controlling issue of law. *See also Wash. Tennis,* 324 F. Supp. 3d at 145 (certification denied where

---

*Ins. Co.,* 448 Fed. App'x 906, 908 (11th Cir. 2011) ("although we agree that the Florida Supreme Court *could* rule contrary to the appellate court's … decision, State Farm does not offer and we cannot find a 'persuasive indication' that it actually "*would*" change the law"). Under the circumstances here, there is no persuasive indication that the Florida Supreme Court would rule differently. This Court properly relied on *Geico* in issuing its order, and the Eleventh Circuit Court of Appeals would be bound to do the same.

[2] Defendants note in footnote 1 (ECF No. 49 at 3) that multiple Florida county courts had reached a different result; however, those courts' orders were entered prior to the *Geico* decision and no longer have any precedential value.

6

"Plaintiff has not identified *any* on-point conflicting authority on the issue"). *Cf. Grabein v. 1-800-Flowers.com, Inc.*, No. 07-22235-CIV-HUCK, 2008 WL 11417701 (S.D. Fla. Mar. 12, 2008) (certification granted based on newly created conflict within Southern District); *Yu v. Hasaki Restaurant, Inc.*, 874 F.3d 94, 98 (2d Cir. 2017) (granting certification where "there is substantial ground for difference of opinion as the differing rulings withing this Circuit demonstrate"); *Stong v. Bucyrus-Erie Co.*, 476 F. Supp. 224, 225 (E.D. Wis. 1979) (substantial ground for difference of opinion reflected by split among district courts on controlling issue; "it is clear that a reasonable appellate judge could vote for reversal"). Here, there is no difference of opinion among the courts in this district, or within the courts of this circuit, or between this court and the Florida state courts.

Having supplied no authority for their position, Defendants have failed to establish a substantial ground for difference of opinion. *See McFarlin*, 381 F. 3d at 1263 ("Because they have presented no authority for this premise, which is necessary to their position on the question they proffer as controlling, the defendants have failed to carry their burden of establishing that as to this question, there is substantial ground for difference of opinion."); *Smiley*, 2019 WL 4345783, at *2 (conclusion that "reasonable minds might reach different opinions" does not establish that a substantial ground for difference of opinion exists).

## CONCLUSION

Defendants have failed to satisfy their burden to demonstrate a substantial ground for difference of opinion. No exceptional circumstances exist that would warrant certification. Therefore, the Motion for Certification for Interlocutory Appeal should be denied.

WHEREFORE, Plaintiff, REVIVAL CHIROPRACTIC LLC a/a/o JAZMINE PADIN and NATALIE RIVERA, respectfully requests that this Honorable Court deny Defendant's Motion for Certification for Interlocutory Appeal.

Respectfully submitted this 13th day of April, 2020, by:

By: __/s/  Lawrence M. Kopelman__
Lawrence M. Kopelman, Esq.
Florida Bar No. 288845
**LAWRENCE M. KOPELMAN, P.A.**
7900 Peters Road, Suite B-200
Ft. Lauderdale, FL 33324
Telephone: (954) 462-6855
Email: LMK@kopelblank.com
*Attorney for Plaintiff*


__/s/ Alyson M. Laderman__
ALYSON M. LADERMAN, ESQ.
Florida Bar No. 0657980
**BLOODWORTH LAW, PLLC**
801 N. Magnolia Avenue, Suite 216
Orlando, FL 32803
Telephone: (407) 777-8541
Primary: ALaderman@LawyerFightsForYou.com
Secondary: MAcevedo@LawyerFightsforYou.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 13th, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those

counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

*/s/ Alyson M. Laderman*
ALYSON M. LADERMAN, ESQ.
Florida Bar No. 0657980
**BLOODWORTH LAW, PLLC**
801 N. Magnolia Avenue, Suite 216
Orlando, FL 32803
Telephone: (407) 777-8541
Primary: ALaderman@LawyerFightsForYou.com
Secondary: MAcevedo@LawyerFightsforYou.com
*Attorney for Plaintiff*

**SERVICE LIST**

| | |
|---|---|
| Alexandra J. Schultz | Peter J. Valeta |
| Cozen O'Connor | Cozen O'Connor |
| One North Clematis Street, Suite 510 | 123 N. Upper Wacker Drive, Suite 1800 |
| West Palm Beach, FL 33401 | Chicago, IL 60606 |
| Email: aschultz@cozen.com | Email: pvaleta@cozen.com |
| Phone: 561-515-5250 | Phone: 312-474-7895 |