**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

REVIVAL CHIROPRACTIC LLC,

        Plaintiff,

v.                                              Case No: 6:19-cv-445-Orl-40LRH

ALLSTATE INSURANCE COMPANY
and ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY,

        Defendants.
_____/

**ORDER**

This cause is before the Court on Defendants' ("**Allstate**") Motion for Certification for Interlocutory Appeal (Doc. 49). Plaintiff filed a Response in Opposition (Doc. 51). Upon due consideration, Allstate's motion is denied.

**I.   BACKGROUND**

On January 23, 2019, Plaintiff filed a class action against Allstate in state court. (Doc. 1-1). Allstate filed a timely notice of removal pursuant to 28 U.S.C. § 1446. (Doc. 1, ¶ 3). The case proceeded in district court, and Plaintiff and Allstate filed motions for summary judgment. (Docs. 28, 29). On March 5, 2020, this Court granted Plaintiff's motion for summary judgment and denied Allstate's motion. (Doc. 47). On April 2, 2020, Allstate filed the instant Motion for Certification for Interlocutory Appeal. (Doc. 49).

**II.   DISCUSSION**

Allstate argues that the Order granting Plaintiff's summary judgment motion satisfies the requirements for certification under section 1292(b) so that an immediate appeal of the Order is warranted. (Doc. 49, p. 2). A district court may issue a certification

for interlocutory appeal of an order not otherwise appealable, when the court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

The Eleventh Circuit has recognized that § 1292(b) appeals "should be reserved . . . for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004). The legal issue must be "controlling of at least a substantial part of the case." *Id*. at 1264. Moreover, "[t]he legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law." *Id*. at 1259. Plaintiff points out, correctly, that interlocutory appeals under § 1292(b) serve as a "rare exception" to the general rule that final judgment must precede appellate review. *Id.* at 1264; *see also, Nat'l Union Fire Ins. Co. of Pittsburgh v. Tyco Integrated Sec., LLC*, No. 13-CIV-80371-BLOOM, 2015 WL 11251735, at *1 (S.D. Fla. July 8, 2015); (Doc. 51, p. 2).

The Court agrees with Allstate that its Order granting summary judgment on a purely legal interpretation of Florida's Motor Vehicle No-Fault Law does not present a disputed issue of fact or a mixed question of law and fact. Moreover, this Court's interpretation of Florida's personal injury protection (**"PIP"**) statute, Fla. Stat. § 627.736(1)(a), raises a legal question at a high enough level of abstraction to give it general relevance to other cases involving the interpretation of the PIP statute. The next, and more problematic, prong of the test requires a substantial ground for difference of

opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

"To demonstrate a substantial ground for difference of opinion, the appellant must show 'a legal issue is (1) difficult and of first impression, (2) the district courts of the controlling circuit are split as to the issue, or (3) the circuits are split on the issue.'" *Smiley v. Costco Wholesale Corp.*, No. 8:18-cv-2410-T-33JSS, 2019 WL 4345783, at *2 (M.D. Fla. Sept. 12, 2019) (quoting *Flaum v. Doctor's Assocs., Inc.*, No. 12-61198-CIV, 2016 WL 86677304, at *1 (S.D. Fla. Oct. 27, 2016)). Allstate argues there is "no controlling authority on this precise issue from either the Eleventh Circuit or the Supreme Court of Florida, nor is there a consensus from the Florida District Courts of appeal." (Doc. 49, p. 3). While this statement is correct, is does not advance Allstate's position, leaving this Court only to consider whether the legal issue is "difficult and of first impression."

Allstate argues that "Fla. Stat. § 627.736 is equally susceptible of an interpretation contrary to that reached in the Order." (*Id.* at p. 3). Allstate supports this position by offering their construction of the PIP statute. (*Id.* at pp. 3–4). Yet the Court's Order neither addressed a difficult legal issue, nor an issue of first impression. The Court in granting summary judgement applied standard principles of statutory construction and concluded that "[u]pon review of PIP statute as a whole, the Court finds that these provisions are clear and unambiguous, and no statutory construction is required." (Doc. 47, p. 9). And the Court cited a decision from Florida's Fifth District Court of Appeal supporting this reading of the statute. (*Id.*). Plaintiff argues that "[a] mere claim that a district court's decision was incorrect does not suffice to establish a substantial ground for a difference of opinion." *Consub Del. LLC v. Schahin Engenharia Limitada*, 476 F. Supp. 2d 305, 309–

310 (S.D.N.Y. 2007), *aff'd*, 543 F.3d 104 (2d Cir. 2008), *abrogated in part on other grounds by Shipping Corp. of India, Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009). Plaintiff is correct that the legal issue interpreted by the Court does not meet the criteria for interlocutory appeal.

### III.     CONCLUSION

For these reasons, Allstate's Motion for Certification for Interlocutory Appeal (Doc. 49) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on April 29, 2020.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties