# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

George C. Young Courthouse and Federal Building
401 West Central Boulevard
Orlando, FL 32801
www.flmd.uscourts.gov

Elizabeth M. Warren                                                    Benjamin C. Wynn
Clerk of Court                                                     Orlando Division Manager

**DATE:**        February 24, 2021

**TO:**          Clerk, U.S. Court of Appeals for the Eleventh Circuit

---

**REVIVAL CHIROPRACTIC LLC,**

            **Plaintiff,**

**v.**                                          **Case No: 6:19-cv-445-PGB-LRH**

**ALLSTATE INSURANCE COMPANY and**
**ALLSTATE PROPERTY AND CASUALTY**
**INSURANCE COMPANY,**

            **Defendants.**

---

**U.S.C.A. Case No.:        TBD**

- Honorable Paul G. Byron, United States District Judge appealed from.

- Appeal filing fee was not paid. Upon filing a notice of appeal, the appellant must pay the district clerk all required fees. The district clerk receives the appellate docket fee on behalf of the court of appeals.  If you are filing informa pauperis, a request for leave to appeal in forma pauperis needs to be filed with the district court.

- Copy of Notice of Appeal, docket entries, judgment and/or order appealed from.


                              ELIZABETH M. WARREN, CLERK

                              By:      s/MJ, Deputy Clerk

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No. 6:19-cv-00445-PGB-LRH

REVIVAL CHIROPRACTIC LLC
A/A/O JAZMINE PADIN AND
NATALIE RIVERA,

       Plaintiffs,

vs.

ALL STATE INSURANCE COMPANY
AND ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY,

       Defendants.

_____/

## NOTICE OF CROSS APPEAL

NOTICE is hereby given that the Plaintiffs, REVIVAL CHIROPRACTIC
LLC A/A/O JAZMINE PADIN and NATALIE RIVERA, appeal to the United States
Court of Appeals for the Eleventh Circuit the following Order and Judgments:

    1.    Court's Order denying Plaintiffs' Motion for Class Certification,

          Appointment of Class Representative and Class Counsel, and Notice

          to Class Members [D.E. 78].

2. Final Judgment dated January 22, 2021 to the extent it denies

Plaintiffs' Class Certification [D.E. 93].

DATED February 19, 2021.

By:  /s/  *Lawrence M. Kopelman*
Lawrence M. Kopelman, Esq.
Florida Bar No. 288845
**LAWRENCE M. KOPELMAN, P.A.**
7900 Peters Road, Suite B-200
Ft. Lauderdale, FL 33324
Telephone: (954) 462-6855
Email: LMK@kopelblank.com
*Attorney for Plaintiffs*


*/s/ Alyson M. Laderman*
ALYSON M. LADERMAN, ESQ.
Florida Bar No. 0657980
**BLOODWORTH LAW, PLLC**
801 N. Magnolia Avenue, Suite 216
Orlando, FL 32803
Telephone: (407) 777-8541
Primary: ALaderman@LawyerFightsForYou.com
Secondary: MAcevedo@LawyerFightsforYou.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 19, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

/s/ *Alyson M. Laderman*
ALYSON M. LADERMAN, ESQ.
Florida Bar No. 0657980
**BLOODWORTH LAW, PLLC**
801 N. Magnolia Avenue, Suite 216
Orlando, FL 32803
Telephone: (407) 777-8541
Primary: ALaderman@LawyerFightsForYou.com
Secondary: MAcevedo@LawyerFightsforYou.com
*Attorney for Plaintiff*

## SERVICE LIST

Alexandra J. Schultz
Cozen O'Connor
One North Clematis Street, Suite 510
West Palm Beach, FL 33401
Email: aschultz@cozen.com
Phone: 561-515-5250

Peter J. Valeta
Cozen O'Connor
123 N. Upper Wacker Drive, Suite 1800
Chicago, IL 60606
Email: pvaleta@cozen.com
Phone: 312-474-7895

3

APPEAL, CLOSED, MEDIATION

# U.S. District Court
# Middle District of Florida (Orlando)
# CIVIL DOCKET FOR CASE #: 6:19-cv-00445-PGB-LRH

| | |
|---|---|
| Revival Chiropractic LLC, etc. v. Allstate Insurance Company et al | Date Filed: 03/07/2019 |
| Assigned to: Judge Paul G. Byron | Date Terminated: 01/22/2021 |
| Referred to: Magistrate Judge Leslie R. Hoffman | Jury Demand: None |
| Demand: $5,000,000 | Nature of Suit: 110 Insurance |
| Case in other court: Circuit Court of the Ninth Judicial Circuit, 2019-CA-000940 | Jurisdiction: Diversity |
| Cause: 28:1441 Notice of Removal-Insurance Contract | |

**Plaintiff**

| | | |
|---|---|---|
| **Revival Chiropractic LLC** | represented by | **Alyson M. Laderman** |
| *on behalf of* | | Bloodworth Law, PLLC |
| Jazmine Padin | | 801 N. Magnolia Ave., Ste. 216 |
| *on behalf of* | | Orlando, FL 32803 |
| Natalie Rivera | | 407-512-4394 |
| | | Email: |
| | | ALaderman@LawyerFightsForYou.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Lawrence M. Kopelman** |
| | | Lawrence M. Kopelman, Esq. |
| | | Suite 500 |
| | | One West Las Olas Blvd |
| | | Fort Lauderdale, FL 33301 |
| | | 954/462-6855 |
| | | Fax: 954/462-6899 |
| | | Email: lmk@kopelblank.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | | |
|---|---|---|
| **Allstate Insurance Company** | represented by | **Alexandra Jordan Schultz** |
| | | Cozen O'Connor |
| | | Suite 510 |
| | | 1 N Clematis St |
| | | West Palm Beach, FL 33401 |
| | | Email: aschultz@cozen.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

Peter James Valeta
Cozen O'Connor
Suite 1800
123 W Wacker Dr
Chicago, IL 60606
312-474-7895
Fax: 312-878-2022
Email: pvaleta@cozen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Allstate Property and Casualty**
**Insurance Company**      represented by   **Alexandra Jordan Schultz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter James Valeta**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/07/2019 | 1 | COMPLAINT and NOTICE OF REMOVAL from Circuit Coourt of Ninth Judicial Circuit in and For Orange County, Florida, case number 2019-CA-000940 filed in State Court on 1/23/2019. Filing fee $ 400, receipt number 113A-15212920 filed by Allstate Property and Casualty Insurance Company, Allstate Insurance Company. (Attachments: # 1 State Court COMPLAINT Exhibit 1 - State Court Complaint, # 2 State Court Docket Sheet State Court Docket Sheet, # 3 State Court Other Documents State Court Other Documents, # 4 Civil Cover Sheet Civil Cover Sheet, # 5 Exhibit 2 - Sunbiz Documents, # 6 Exhibit 3 - Declaration of Steve Stover)(Schultz, Alexandra) (Entered: 03/07/2019) |
| 03/07/2019 | 2 | NEW CASE ASSIGNED to Judge Paul G. Byron and Magistrate Judge Leslie R. Hoffman. New case number: 6:19-cv-445-Orl-40LRH. (SJB) (Entered: 03/07/2019) |
| 03/08/2019 | 3 | Unopposed MOTION for Extension of Time to File Answer re 1 Notice of Removal by Allstate Insurance Company, Allstate Property and Casualty Insurance Company. (Schultz, Alexandra) Motions referred to Magistrate Judge Leslie R. Hoffman. (Entered: 03/08/2019) |
| 03/08/2019 | 4 | **ORDER granting 3 Motion for Extension of Time to Answer or respond to Plaintiff's complaint. Response due 3/29/2019. Signed by Magistrate Judge Leslie R. Hoffman on 3/8/2019. (MKH)** (Entered: 03/08/2019) |
| 03/08/2019 | 5 | NOTICE to counsel (Peter J. Valeta) of Local Rule 2.01 (signed by deputy clerk). (AC) (Entered: 03/08/2019) |
| 03/11/2019 | 6 | **RELATED CASE ORDER AND NOTICE of designation under Local Rule 3.05 - track 2. The Notice of Pendency of Other Actions shall be filed within fourteen** |

| | | |
|---|---|---|
| | | **(14) days from the date of this Order. Signed by Judge Paul G. Byron on 3/11/2019. (GNB) copies e-mailed** (Entered: 03/11/2019) |
| 03/11/2019 | 7 | **INTERESTED PERSONS ORDER. The Certificate of Interested Persons shall be filed within fourteen (14) days from the date of this Order. Signed by Judge Paul G. Byron on 3/11/2019. (GNB) copies e-mailed** (Entered: 03/11/2019) |
| 03/13/2019 | 8 | **ORDER: The parties are DIRECTED to confer regarding deadlines pertinent to a motion for class certification and advise the Court of agreeable deadlines in their case management report. The deadlines should include a deadline for (1) disclosure of expert reports - class action, plaintiff, and defendant; (2) discovery - class action; (3) motion for class certification; (4) response to motion for class certification; and (5) reply to motion for class certification. Signed by Judge Paul G. Byron on 3/13/2019. (MMW)** (Entered: 03/13/2019) |
| 03/22/2019 | 9 | CERTIFICATE of interested persons and corporate disclosure statement re 7 Interested persons order by Allstate Insurance Company, Allstate Property and Casualty Insurance Company identifying Corporate Parent The Allstate Corporation, Corporate Parent Allstate Insurance Holdings, LLC for Allstate Insurance Company, Allstate Property and Casualty Insurance Company.. (Schultz, Alexandra) (Entered: 03/22/2019) |
| 03/22/2019 | 10 | Joint MOTION to extend time to meet and to file the Case Management Report , MOTION to Appear Telephonically *at the Case Mangement Conference* by Allstate Insurance Company, Allstate Property and Casualty Insurance Company, Revival Chiropractic LLC (Schultz, Alexandra) Motions referred to Magistrate Judge Leslie R. Hoffman. Modified on 3/25/2019 (DMA). (Entered: 03/22/2019) |
| 03/22/2019 | 11 | NOTICE of pendency of related cases re 6 Related case order and track 2 notice per Local Rule 1.04(d) by Allstate Insurance Company, Allstate Property and Casualty Insurance Company. Related case(s): No (Schultz, Alexandra) (Entered: 03/22/2019) |
| 03/25/2019 | 12 | NOTICE of pendency of related cases re 6 Related case order and track 2 notice per Local Rule 1.04(d) by Revival Chiropractic LLC. Related case(s): no (Laderman, Alyson) (Entered: 03/25/2019) |
| 03/25/2019 | 13 | CERTIFICATE of interested persons and corporate disclosure statement re 7 Interested persons order by Revival Chiropractic LLC. (Laderman, Alyson) (Entered: 03/25/2019) |
| 03/26/2019 | 14 | **ORDER granting 10 Motion to extend time; Motion to Appear Telephonically. The deadline for the parties to conduct the Case Management Conference is extended to April 15, 2019. The parties shall file their Case Management Report no later than April 22, 2019. Signed by Magistrate Judge Leslie R. Hoffman on 3/26/2019. (MKH)** (Entered: 03/26/2019) |
| 03/26/2019 | | Set/reset deadlines: Case management report due by 4/22/2019 (DMA) (Entered: 03/26/2019) |
| 03/28/2019 | 15 | *DEFENDANTS' ANSWER and affirmative defenses to Complaint by Allstate Insurance Company, Allstate Property and Casualty Insurance Company.(Schultz, Alexandra)* (Entered: 03/28/2019) |
| 04/19/2019 | 16 | CASE MANAGEMENT REPORT. (Laderman, Alyson) (Entered: 04/19/2019) |

| | | |
|---|---|---|
| 04/23/2019 | 17 | **ENDORSED ORDER re: 16 Case Management Report. This case will not be set any later than on the November 2020 trial term. The parties are DIRECTED to meet and confer telephonically and file an amended case management report on or before May 7, 2019. Signed by Judge Paul G. Byron on 4/23/2019. (MMW)** (Entered: 04/23/2019) |
| 04/23/2019 | | Reset deadline: Amended Case management report due by 5/7/2019. (AC) (Entered: 04/24/2019) |
| 05/07/2019 | 18 | CASE MANAGEMENT REPORT. (Schultz, Alexandra) (Entered: 05/07/2019) |
| 05/08/2019 | 19 | **CASE MANAGEMENT AND SCHEDULING ORDER. Signed by Judge Paul G. Byron on 5/8/2019. (MMW)** (Entered: 05/08/2019) |
| 05/08/2019 | | Set scheduling order deadlines: Amended Pleadings due by 6/14/2019, Joinder of Parties due by 6/14/2019, Discovery due by 2/28/2020, Dispositive motions due by 4/30/2020, Pretrial statement due by 8/25/2020, All other motions due by 9/1/2020, Final Pretrial Conference set for 9/22/2020 at 03:00 PM in Orlando Courtroom 4 B before Judge Paul G. Byron, Bench Trial set for 10/5/2020 at 09:00 AM in Orlando Courtroom 4 B before Judge Paul G. Byron., Conduct mediation hearing by 3/30/2020. Lead counsel to coordinate dates., Defendant disclosure of expert report due by 1/31/2020, Plaintiff disclosure of expert report due by 12/23/2019. (AC) (Entered: 05/09/2019) |
| 05/08/2019 | 20 | CASE REFERRED to Mediation. (AC) (Entered: 05/09/2019) |
| 05/21/2019 | 21 | NOTICE of mediation to be held on February 7, 2020 before Lewis N. Jack, Jr. (Schultz, Alexandra) Modified on 5/22/2019 (AC). (Entered: 05/21/2019) |
| 05/21/2019 | 22 | **ENDORSED ORDER regarding 21 Notice of Mediation. The selected mediator Lewis N. Jack, Jr. is not on the Middle District's list of approved mediators. The parties are DIRECTED to select an approved mediator and file a supplemental notice of mediation on or before May 28, 2019. Signed by Judge Paul G. Byron on 5/21/2019. (MMW)** (Entered: 05/21/2019) |
| 05/28/2019 | 23 | NOTICE of mediation to be held on February 7, 2020 before Nicholas A. Shannin. (Laderman, Alyson) Modified on 5/29/2019 (AC). (Entered: 05/28/2019) |
| 09/09/2019 | 24 | STIPULATION *for Briefing Schedule on Parties' Cross Motions for Summary Judgment* by Allstate Insurance Company, Allstate Property and Casualty Insurance Company. (Attachments: # 1 Text of Proposed Order)(Schultz, Alexandra) Modified on 9/10/2019 (RDO). (Entered: 09/09/2019) |
| 09/10/2019 | 25 | **ENDORSED ORDER granting 24 Motion to Set Briefing Schedule. Each party's summary judgment motions shall be filed on October 2, 2019. Oppositions in response to the cross-movant's motion shall be filed on October 25, 2019. Reply briefs shall be filed on November 8, 2019. However, due to the high volume of pending dispositive motions in this division, the Court is not likely to resolve these motions until after the dispositive motions deadline set by the Case Management Scheduling Order.The parties are advised that during the pendency of their motions, discovery will not be stayed. Signed by Judge Paul G. Byron on 9/10/2019. (SCM)** (Entered: 09/10/2019) |
| 10/01/2019 | 26 | JOINT STIPULATION of undisputed facts by all parties.(Attachments: # 1 Exhibit A, # 2 Exhibit B)(Schultz, Alexandra) Modified on 10/2/2019 (RDO). (Entered: |

| | | 10/01/2019) |
|---|---|---|
| 10/02/2019 | 27 | First MOTION for summary judgment by Revival Chiropractic LLC. (Attachments: # 1 Exhibit A to Plaintiff's Motion for Summary Judgment, # 2 Exhibit B to Plaintiff's Motion for Summary Judgment, # 3 Exhibit C to Plaintiff's Motion for Summary Judgment)(Laderman, Alyson) (Entered: 10/02/2019) |
| 10/02/2019 | 28 | MOTION for summary judgment by Allstate Insurance Company, Allstate Property and Casualty Insurance Company. (Schultz, Alexandra) (Entered: 10/02/2019) |
| 10/02/2019 | 29 | Amended MOTION for summary judgment by Revival Chiropractic LLC. (Attachments: # 1 Exhibit A to Plaintiff's Amended Motion for Summary Judgment, # 2 Exhibit B to Plaintiff's Amended Motion for Summary Judgment, # 3 Exhibit C to Plaintiff's Amended Motion for Summary Judgment)(Laderman, Alyson) (Entered: 10/02/2019) |
| 10/03/2019 | 30 | **ENDORSED ORDER finding as moot 27 Motion for Summary Judgment. The motion is rendered moot by the filing of the 29 Amended Motion for Summary Judgment. Signed by Judge Paul G. Byron on 10/3/2019. (SCM)** (Entered: 10/03/2019) |
| 10/25/2019 | 31 | RESPONSE in Opposition re 28 MOTION for summary judgment filed by Revival Chiropractic LLC. (Kopelman, Lawrence) (Entered: 10/25/2019) |
| 10/25/2019 | 32 | RESPONSE in Opposition re 29 Amended MOTION for summary judgment filed by Allstate Insurance Company, Allstate Property and Casualty Insurance Company. (Attachments: # 1 Exhibit A)(Valeta, Peter) (Entered: 10/25/2019) |
| 11/08/2019 | 33 | REPLY in support of 29 Amended MOTION for summary judgment filed by Revival Chiropractic LLC. (Kopelman, Lawrence) Modified on 11/13/2019 (RDO). (Entered: 11/08/2019) |
| 11/08/2019 | 34 | REQUEST for oral argument re 29 Amended MOTION for summary judgment , 28 MOTION for summary judgment by Revival Chiropractic LLC. (Kopelman, Lawrence) (Entered: 11/08/2019) |
| 11/08/2019 | 35 | REPLY MEMORANDUM in support of 28 MOTION for summary judgment filed by Allstate Insurance Company, Allstate Property and Casualty Insurance Company. (Schultz, Alexandra) Modified on 11/13/2019 (RDO). (Entered: 11/08/2019) |
| 11/08/2019 | 36 | REQUEST for oral argument re 29 Amended MOTION for summary judgment , 28 MOTION for summary judgment by Allstate Insurance Company, Allstate Property and Casualty Insurance Company. (Schultz, Alexandra) (Entered: 11/08/2019) |
| 11/12/2019 | 37 | **ENDORSED ORDER re 34 and 36 Requests for Oral Argument. The Court takes note of the parties' requests and will set a hearing at a later date if it deems necessary. Signed by Judge Paul G. Byron on 11/12/2019. (SCM)** (Entered: 11/12/2019) |
| 01/15/2020 | 38 | Amended NOTICE of mediation conference/hearing to be held on February 28, 2020 at 9:30 am before Nicholas Shannin. (Kopelman, Lawrence) Modified on 1/16/2020 (MEJ). (Entered: 01/15/2020) |

| 01/27/2020 | 39 | Joint MOTION for Extension of Time to Complete Discovery *and Exchange Expert Disclosures* by Allstate Insurance Company, Allstate Property and Casualty Insurance Company. (Attachments: # 1 Text of Proposed Order)(Schultz, Alexandra) Motions referred to Magistrate Judge Leslie R. Hoffman. (Entered: 01/27/2020) |
|---|---|---|
| 01/28/2020 | 40 | **ENDORSED ORDER denying 39 Motion for Extension of Time to Complete Discovery. See Order 25. Signed by Judge Paul G. Byron on 1/28/2020. (SCM)** (Entered: 01/28/2020) |
| 02/06/2020 | 41 | Unopposed MOTION to Appear Telephonically at Mediation by Allstate Insurance Company, Allstate Property and Casualty Insurance Company. (Valeta, Peter) Motions referred to Magistrate Judge Leslie R. Hoffman. Modified on 2/7/2020 (MEJ). (Entered: 02/06/2020) |
| 02/06/2020 | 42 | **ORDER denying without prejudice 41 Motion to Appear Telephonically at Mediation. A renewed motion shall state the mediator's position on the request. Signed by Magistrate Judge Leslie R. Hoffman on 2/6/2020. (MKH)** (Entered: 02/06/2020) |
| 02/10/2020 | 43 | Renewed Unopposed MOTION to Appear Telephonically at Mediation by Allstate Insurance Company, Allstate Property and Casualty Insurance Company. (Schultz, Alexandra) Motions referred to Magistrate Judge Leslie R. Hoffman. Modified on 2/11/2020 (MEJ). (Entered: 02/10/2020) |
| 02/10/2020 | 44 | **ORDER granting 43 Renewed Motion to Appear Telephonically at Mediation. Signed by Magistrate Judge Leslie R. Hoffman on 2/10/2020. (MKH)** Modified on 2/11/2020 (MEJ). (Entered: 02/10/2020) |
| 02/28/2020 | 45 | NOTICE of supplemental authority by Revival Chiropractic LLC. (Attachments: # 1 Supplement case law in support of Plaintiff's Amended Motion for Summary Judgment (D.E. 29), # 2 Supplement case law in support of Plaintiff's Amended Motion for Summary Judgment (D.E. 29))(Laderman, Alyson) (Entered: 02/28/2020) |
| 03/04/2020 | 46 | NOTICE of supplemental authority re 28 MOTION for summary judgment by Allstate Insurance Company, Allstate Property and Casualty Insurance Company. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Schultz, Alexandra) (Entered: 03/04/2020) |
| 03/05/2020 | 47 | **ORDER denying 28 Motion for Summary Judgment; granting 29 Motion for Summary Judgment. The Clerk of Court is DIRECTED to enter judgment in favor of Plaintiff Revival Chiropractic LLC and against Defendants Allstate Insurance Company and Allstate Property and Casualty Insurance Company. Signed by Judge Paul G. Byron on 3/5/2020. (SCM)** (Entered: 03/05/2020) |
| 03/06/2020 | 48 | JUDGMENT in favor of Revival Chiropractic LLC against Allstate Insurance Company and Allstate Property and Casualty Insurance Company. ( Signed by Deputy Clerk) (RDO) (Entered: 03/06/2020) |
| 04/02/2020 | 49 | MOTION for Certification for Interlocutory Appeal under 28 U.S.C. § 1292(b) by Allstate Insurance Company, Allstate Property and Casualty Insurance Company. (Valeta, Peter) Modified on 4/3/2020 (ARJ). (Entered: 04/02/2020) |
| 04/08/2020 | 50 | First MOTION to Certify Class by Revival Chiropractic LLC. (Laderman, Alyson) (Entered: 04/08/2020) |

| 04/13/2020 | 51 | RESPONSE in Opposition re 49 MOTION for Miscellaneous Relief, specifically DEFENDANTS' MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b) filed by Revival Chiropractic LLC. (Laderman, Alyson) (Entered: 04/13/2020) |
|---|---|---|
| 04/29/2020 | 52 | **ORDER denying 49 Motion for Certification for Interlocutory Appeal. Signed by Judge Paul G. Byron on 4/29/2020. (SCM)** (Entered: 04/29/2020) |
| 05/14/2020 | 53 | **ORDER TO SHOW CAUSE as to Revival Chiropractic LLC. Plaintiff has failed to comply with this Court's Order (Doc. No. 19) requiring a report on the outcome of the mediation conference in this case. Plaintiff shall SHOW CAUSE and file its response to said Order within fourteen (14) days from the date of this Order. Failure to comply with this Order may result in dismissal without prejudice or other appropriate sanctions. Signed by Judge Paul G. Byron on 5/14/2020. (GNB) copies e-mailed** (Entered: 05/14/2020) |
| 05/14/2020 | 54 | MEDIATION report Hearing held on February 28, 2020. Hearing outcome: Impasse.. (Shannin, Nicholas) (Entered: 05/14/2020) |
| 05/15/2020 | 55 | RESPONSE re 53 Order to show cause filed by Revival Chiropractic LLC. (Laderman, Alyson) (Entered: 05/15/2020) |
| 05/18/2020 | 56 | **ENDORSED ORDER discharging 53 Order to show cause. Signed by Judge Paul G. Byron on 5/18/2020. (GNB) copies e-mailed** (Entered: 05/18/2020) |
| 07/01/2020 | 57 | Unopposed MOTION to File Excess Pages by Allstate Insurance Company, Allstate Property and Casualty Insurance Company. (Valeta, Peter) (Entered: 07/01/2020) |
| 07/02/2020 | 58 | **ENDORSED ORDER granting 57 Motion to File Excess Pages. Signed by Judge Paul G. Byron on 7/2/2020. (SCM)** (Entered: 07/02/2020) |
| 07/06/2020 | 59 | RESPONSE in Opposition re 50 First MOTION to Certify Class filed by Allstate Insurance Company, Allstate Property and Casualty Insurance Company. (Valeta, Peter) (Entered: 07/06/2020) |
| 07/08/2020 | 60 | MOTION for Miscellaneous Relief, specifically Leave to File Reply to Opposition [D.E. 59] by Revival Chiropractic LLC. (Laderman, Alyson) (Entered: 07/08/2020) |
| 07/08/2020 | 61 | **ENDORSED ORDER granting 60 Motion for Leave to File a Reply. Reply is not to exceed twenty (20) pages and is due on or before August 3, 2020. Signed by Judge Paul G. Byron on 7/8/2020. (SCM)** (Entered: 07/08/2020) |
| 07/09/2020 | | Set/reset deadlines/hearings: Replies due by 8/3/2020. (MEJ) (Entered: 07/09/2020) |
| 07/23/2020 | 62 | REPLY to Response to Motion re 50 First MOTION to Certify Class filed by Revival Chiropractic LLC. (Attachments: # 1 Exhibit Allstate Affidavits and Settlement Agreement in Pierce)(Laderman, Alyson) (Entered: 07/23/2020) |
| 08/08/2020 | 63 | NOTICE of supplemental authority re 59 Response in Opposition to Motion *for Class Certification* by Allstate Insurance Company, Allstate Property and Casualty Insurance Company. (Attachments: # 1 Exhibit A)(Schultz, Alexandra) (Entered: 08/08/2020) |
| 08/19/2020 | 64 | MOTION for Miscellaneous Relief, specifically Leave to File Response to Notice of Filing Supplemental Authority [D.E. 63] by Revival Chiropractic LLC. (Laderman, Alyson) (Entered: 08/19/2020) |

| | | |
|---|---|---|
| 08/19/2020 | 65 | **ENDORSED ORDER granting 64 Motion for Leave to File a Reply. Reply not to exceed four pages and must be filed on or before Friday, August 21, 2020. Signed by Judge Paul G. Byron on 8/19/2020. (SCM)** (Entered: 08/19/2020) |
| 08/19/2020 | 66 | NOTICE OF RESCHEDULING HEARINGS: Bench Trial previously scheduled for 10/5/2020 is rescheduled for 1/4/2021 at 9:00 AM in Orlando Courtroom 4B before Judge Paul G. Byron. Final Pretrial Conference previously scheduled for 9/22/2020 is rescheduled for 12/15/2020 at 3:00 PM in Orlando Courtroom 4B before Judge Paul G. Byron. (GNB) copies e-mailed (Entered: 08/19/2020) |
| 08/19/2020 | 67 | RESPONSE re 63 Notice of filing supplemental authority filed by Revival Chiropractic LLC. (Laderman, Alyson) (Entered: 08/19/2020) |
| 08/20/2020 | | Reset deadlines: Replies due by 8/21/2020. (ARJ) (Entered: 08/20/2020) |
| 08/21/2020 | 68 | Joint PRETRIAL statement by Revival Chiropractic LLC. (Laderman, Alyson) Modified on 8/24/2020 (MEJ). (edited docket text) (Entered: 08/21/2020) |
| 08/26/2020 | 69 | MOTION for Reconsideration re 47 Order, or in the Alternative, For a Stay of Proceedings Pending Ruling by the Florida Supreme Court or in the alternative for 28 U.S.C. §1292(B) Certification by Allstate Insurance Company, Allstate Property and Casualty Insurance Company. (Attachments: # 1 Exhibit A)(Valeta, Peter) Modified docket text on 8/27/2020 (MEJ). (Entered: 08/26/2020) |
| 08/31/2020 | 70 | RESPONSE in Opposition re 69 MOTION for Reconsideration re 47 Order, or in the Alternative, For a Stay of Proceedings Pending Ruling by the Florida Supreme Court or in the alternative for 28 U.S.C. §1292(B)Certification filed by Revival Chiropractic LLC. (Attachments: # 1 Exhibit Composite "A" - case law in support, # 2 Exhibit "B" - case law in support, # 3 Exhibit "C" - case law in support)(Laderman, Alyson) (Entered: 08/31/2020) |
| 09/01/2020 | 71 | MOTION for Miscellaneous Relief, specifically Leave to File Supplemental Memorandum of Law and New Evidence in Support of Motion for Class Certification by Revival Chiropractic LLC. (Attachments: # 1 Exhibit A - Correspondence to Counsel)(Laderman, Alyson) (Entered: 09/01/2020) |
| 09/02/2020 | 72 | **ENDORSED ORDER denying without prejudice 71 Motion for Leave to File. Plaintiff is directed to withdraw the earlier motion and submit an amended motion that complies with the local rules and the Federal Rules of Civil Procedure. Signed by Judge Paul G. Byron on 9/2/2020. (CPH)** (Entered: 09/02/2020) |
| 09/02/2020 | 73 | Amended MOTION for Miscellaneous Relief, specifically Amended Motion for Leave to File Supplemental Memo of Law and Evidence in Support of Motion for Class Certification by Revival Chiropractic LLC. (Laderman, Alyson) (Entered: 09/02/2020) |
| 09/02/2020 | 74 | NOTICE of withdrawal of motion by Revival Chiropractic LLC re 71 MOTION for Miscellaneous Relief, specifically Leave to File Supplemental Memorandum of Law and New Evidence in Support of Motion for Class Certification filed by Revival Chiropractic LLC *Pursuant to D.E. 72* (Laderman, Alyson) (Entered: 09/02/2020) |
| 09/02/2020 | 75 | RESPONSE in Opposition re 73 Amended MOTION for Miscellaneous Relief, specifically Amended Motion for Leave to File Supplemental Memo of Law and Evidence in Support of Motion for Class Certification filed by Allstate Insurance Company, Allstate Property and Casualty Insurance Company. (Attachments: # 1 |

| | | |
|---|---|---|
| | | Exhibit A)(Valeta, Peter) Modified docket text on 9/3/2020 (MEJ). (Entered: 09/02/2020) |
| 09/02/2020 | 76 | **ENDORSED ORDER denying 73 Motion for Leave to File Amended Class Certification Motion. If Plaintiffs wish to amend their class certification motion, they must withdraw their earlier class certification motion and file an amended motion. The amended motion must comply with the page limits set forth in the local rules and the Federal Rules of Civil Procedure. Signed by Judge Paul G. Byron on 9/2/2020. (CPH)** (Entered: 09/02/2020) |
| 09/30/2020 | 77 | **ORDER denying 69 Motion for Reconsideration / Clarification. Signed by Judge Paul G. Byron on 9/30/2020. (CPH)** (Entered: 09/30/2020) |
| 09/30/2020 | 78 | **ORDER denying 50 Motion to Certify Class. Signed by Judge Paul G. Byron on 9/30/2020. (CPH)** (Entered: 09/30/2020) |
| 10/09/2020 | 79 | MOTION for Leave to File a Renewed Motion for Class Certification Based Upon New Evidence by Revival Chiropractic LLC. (Laderman, Alyson) Modified event on 10/13/2020 (MEJ). (Entered: 10/09/2020) |
| 10/18/2020 | 80 | Amended MOTION for Leave to File a Renewed Motion for Class Certification Based Upon New Evidence by Revival Chiropractic LLC. (Laderman, Alyson) Modified event on 10/19/2020 (MEJ). (Entered: 10/18/2020) |
| 10/19/2020 | 81 | **ORDER denying as moot 79 Motion for Leave to File Renewed Motion for Class Certification. Plaintiff has filed an amended motion. See Doc. 80. Signed by Magistrate Judge Leslie R. Hoffman on 10/19/2020. (MKH)** (Entered: 10/19/2020) |
| 10/22/2020 | 82 | RESPONSE in Opposition re 80 Amended MOTION for Leave to File a Renewed Motion for Class Certification Based Upon New Evidence filed by Allstate Insurance Company, Allstate Property and Casualty Insurance Company. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Valeta, Peter) (Entered: 10/22/2020) |
| 10/27/2020 | 83 | MOTION for Leave to File Reply to 82 Response in Opposition by Revival Chiropractic LLC. (Laderman, Alyson) Modified event on 10/28/2020 (MEJ). (Entered: 10/27/2020) |
| 10/28/2020 | 84 | RESPONSE in Opposition re 83 MOTION for Leave to File Reply to 82 Response in Opposition filed by Allstate Insurance Company, Allstate Property and Casualty Insurance Company. (Valeta, Peter) (Entered: 10/28/2020) |
| 11/03/2020 | 85 | **ORDER denying 83 Motion for Leave to File Reply. Signed by Magistrate Judge Leslie R. Hoffman on 11/3/2020. (MKH)** (Entered: 11/03/2020) |
| 12/08/2020 | 86 | **REPORT AND RECOMMENDATIONS re 80 Amended MOTION for Leave to File a Renewed Motion for Class Certification Based Upon New Evidence filed by Revival Chiropractic LLC. It is RESPECTFULLY RECOMMENDED that Plaintiff's Amended Motion 80 be DENIED. Signed by Magistrate Judge Leslie R. Hoffman on 12/8/2020. (MKH)** (Entered: 12/08/2020) |
| 12/10/2020 | 87 | NOTICE OF RESCHEDULING HEARING (AS TO TIME ONLY): The Final Pretrial Conference previously scheduled for 12/15/2020 at 3:00 PM is rescheduled for 12/15/2020 at 1:30 PM in Orlando Courtroom 4B before Judge Paul G. Byron. (GNB) copies e-mailed (Entered: 12/10/2020) |

| 12/10/2020 | 88 | MOTION for Alyson Laderman, Esq. and Lawrence Kopelman, Esq. to appear telephonically by Revival Chiropractic LLC. (Laderman, Alyson) (Entered: 12/10/2020) |
|---|---|---|
| 12/11/2020 | 89 | **ENDORSED ORDER granting 88 Motion to Appear Telephonically. The Court will hold this hearing telephonically. All counsel shall call 888-363-4735 ten (10) minutes before the hearing is set to begin. Access Code: 3126210. Security Code: 121520. Signed by Judge Paul G. Byron on 12/11/2020. (GNB) copies e-mailed** (Entered: 12/11/2020) |
| 12/15/2020 | 90 | Minute Entry. Proceedings held before Judge Paul G. Byron: TELEPHONIC FINAL PRETRIAL CONFERENCE held on 12/15/2020. Court Reporter: Koretta Stanford (GNB)copies e-mailed (Entered: 12/15/2020) |
| 12/30/2020 | 91 | NOTICE canceling Bench Trial scheduled for 1/4/2021 re 90 Telephonic Final Pretrial Conference. (GNB) ctp (Entered: 12/30/2020) |
| 01/06/2021 | 92 | **ORDER denying 80 Motion for Leave to File Document; adopting 86 Report and Recommendations. Plaintiff's Amended Motion for Leave to File Renewed Motion for Class Certification Based Upon New Evidence is DENIED. Signed by Judge Paul G. Byron on 1/6/2021. (CPH)** (CPH). (Entered: 01/06/2021) |
| 01/21/2021 | 93 | **ORDER re FINAL JUDGMENT. The Clerk is DIRECTED to enter judgment according to this Order. Thereafter, the Clerk is DIRECTED to close the case. The Court retains jurisdiction to consider Plaintiff's claims for attorneys' fees and costs. Signed by Judge Paul G. Byron on 1/21/2021. (CPH)** (Entered: 01/21/2021) |
| 01/22/2021 | 94 | JUDGMENT in favor of Revival Chiropractic LLC against Allstate Insurance Company, Allstate Property and Casualty Insurance Company. ( Signed by Deputy Clerk) (MEJ) (Entered: 01/22/2021) |
| 01/28/2021 | 95 | Unopposed MOTION for Extension of Time to File Motion for Fees and Expenses by Revival Chiropractic LLC. (Laderman, Alyson) (Entered: 01/28/2021) |
| 02/01/2021 | 96 | **ORDER denying without prejudice 95 Motion for Extension of Time to File Plaintiffs' Motion for Attorneys' Fees and Expenses. Signed by Magistrate Judge Leslie R. Hoffman on 2/1/2021. (MKH)** (Entered: 02/01/2021) |
| 02/17/2021 | 97 | NOTICE by Allstate Insurance Company, Allstate Property and Casualty Insurance Company re 94 Judgment, 77 Order on Motion for Reconsideration / Clarification, 47 Order on Motion for Summary Judgment, 48 Judgment *Notice of Appeal* (Valeta, Peter) (Entered: 02/17/2021) |
| 02/17/2021 | 98 | Renewed Unopposed MOTION for Extension of Time to File Motion for Fees and Expenses by Revival Chiropractic LLC. (Laderman, Alyson) Modified text on 2/18/2021 (MEJ). (Entered: 02/17/2021) |
| 02/18/2021 | 99 | NOTICE OF APPEAL as to 94 Judgment, 77 Order on Motion for Reconsideration / Clarification, 47 Order on Motion for Summary Judgment, 48 Judgment by Allstate Insurance Company, Allstate Property and Casualty Insurance Company. Filing fee $ 505, receipt number 113A-17903080. (Valeta, Peter) (Entered: 02/18/2021) |
| 02/19/2021 | 100 | **ORDER granting 98 Motion for Extension of Time. Plaintiff shall file a motion for quantification of attorneys' fees and costs, if appropriate, within fourteen (14) days after the issuance of the mandate by the United States Court of Appeals for the Eleventh Circuit. Signed by Magistrate Judge Leslie R. Hoffman on** |

| | | |
|---|---|---|
| | | **2/19/2021. (MDH)** (Entered: 02/19/2021) |
| 02/19/2021 | 101 | TRANSMITTAL of initial appeal package to USCA consisting of copies of notice of appeal, docket sheet, order/judgment being appealed, and motion, if applicable to USCA re 99 Notice of Appeal. Eleventh Circuit Transcript information form forwarded to pro se litigants and available to counsel at www.flmd.uscourts.gov under Forms and Publications/General. (MEJ) (Entered: 02/19/2021) |
| 02/19/2021 | 102 | NOTICE by Revival Chiropractic LLC re 94 Judgment, 78 Order on Motion to Certify Class *Notice of Cross Appeal* (Laderman, Alyson) (Entered: 02/19/2021) |
| 02/22/2021 | 103 | NOTICE OF CROSS APPEAL as to 93 Order pdf, 78 Order on Motion to Certify Class by Revival Chiropractic LLC. (Laderman, Alyson) (Entered: 02/22/2021) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/24/2021 14:03:01 | | |
| **PACER Login:** | maghern14:6149506:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 6:19-cv-00445-PGB-LRH |
| **Billable Pages:** | 9 | **Cost:** | 0.90 |
| **Exempt flag:** | Exempt | **Exempt reason:** | Always |

**PACER fee: Exempt**

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

REVIVAL CHIROPRACTIC LLC,

        Plaintiff,

v.                             Case No:  6:19-cv-445-Orl-40LRH

ALLSTATE INSURANCE COMPANY
and ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY,

        Defendants.

_____/

## **ORDER**

Based on the Court's Order granting Plaintiff's Amended Motion for Summary Judgment and denying Defendants' Motion for Summary Judgment (Doc. 47) and the Court's Order denying Plaintiff's Motion for Class Certification, Appointment of Class Representative, and Notice to Class Members (Doc. 78), it is **ORDERED** as follows:

1.      The Clerk is **DIRECTED** to enter the following judgment by separate order:

- Judgment is hereby entered in favor of Plaintiff Revival Chiropractic and against Defendants Allstate Insurance Company and Allstate Property and Casualty Insurance Company declaring that Defendants violated Florida law as set forth in the Court's Order dated March 5, 2020 (Doc. 47).

- Judgment is hereby entered in favor of Defendants on the issue of class certification. Plaintiff's claims fail to satisfy the requirements of Rule 23(b)(2) or Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure.

- Defendants must pay Plaintiff's reasonable attorneys' fees pursuant to FLA. STAT. §§ 627.428 and/or 627.736(8), and the Court retains jurisdiction to consider Plaintiff's claims for attorneys' fees and costs in accordance with Rules 54(d)(2) and 54(d)(1) of the Federal Rules of Civil Procedure.

2. Thereafter, the Clerk is **DIRECTED** to close the case. The Court retains jurisdiction to resolve any post-trial motions.

**DONE AND ORDERED** in Orlando, Florida on January 21, 2021.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

2

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

REVIVAL CHIROPRACTIC LLC,

        Plaintiff,

v.　　　　　　　　　　　　　　　　Case No: 6:19-cv-445-Orl-40LRH

ALLSTATE INSURANCE COMPANY
and ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY,

        Defendants.
_____/

**ORDER**

This cause comes before the Court on Plaintiff's Motion for Class Certification, Appointment of Class Representative and Class Counsel, and Notice to Class Members (Doc. 50 (the "**Motion**")) and Defendants' Opposition to Plaintiff's Motion for Certification, Appointment of Class Representative and Class Counsel, and Notice to Class Members (Doc. 59 (the "**Opposition**")). Upon due consideration, Plaintiff's Motion is due to be denied.

**I.　BACKGROUND**

**A.　Florida's Personal Injury Protection Statute**

Florida's personal injury protection statute ("**PIP**") requires an automobile operator to carry PIP insurance that provides up to $10,000 in combined medical expense and lost wage coverage in the event of an automobile accident. *See* Fla. Stat. § 627.736(1)(a). In turn, the PIP statute mandates that every PIP insurer reimburse the insured for "[e]ighty percent of reasonable expenses for medically necessary medical, surgical, X-ray, dental, and rehabilitative services, including prosthetic devices and medically necessary

ambulance, hospital, and nursing services if the individual receives initial services and care . . . within [fourteen] days after [a] motor vehicle accident." *See id.*

The PIP statute provides two methodologies for an insurer to calculate reimbursements of medical expenses: (1) the fact-dependent inquiry methodology prescribed under § 627.736(5)(a); and (2) the schedule of maximum charges methodology provided under § 627.736(5)(a)(1). *See Cent. Palm Beach Physicians & Urgent Care, Inc. v. Infinity Auto Ins.*, No. 17-cv-62201, 2019 WL 3089326, at *2 (S.D. Fla. May 16, 2018).

Relevant here is the latter methodology, which permits an "insurer 'to limit reimbursement of medical expenses to 80 percent' of a schedule of charges that mostly track Medicare rates." *Bailey v. Rocky Mountain Holdings, LLC*, 889 F.3d 1259, 1262 (11th Cir. 2018). "An insurer may limit payment . . . only if the insurance policy includes a notice at the time of issuance or renewal that the insurer may limit payment pursuant to the [S]chedule." Fla. Stat. § 627.736(5)(a)(5). Furthermore, "[i]f a provider submits a charge for an amount less than the amount allowed under § 627.736(5)(a)(1), the insurer may pay the amount of the charge submitted." *Id.*

**B.    The Subject Policy**

In 2017, Defendants Allstate Insurance Company and Allstate Property and Casualty Insurance Company (collectively, "**Allstate**") issued separate automobile insurance policies to Natalie Rivera and Jazmine Padin (collectively, the "**Insureds**"). (*See* Docs. 26-1, 26-2). In the policies, Allstate provided notice that it would limit reimbursement in accordance with the Schedule set forth in § 627.736(5)(a)(1). (Doc. 26, ¶ 8).

While the policies were in effect, the Insureds were involved in separate motor vehicle accidents and sought medical treatment from Plaintiff Revival Chiropractic LLC ("**Revival**"), assigning any rights and benefits under their policies to the same. (*Id.* ¶¶ 4–6). Revival then billed Allstate for the medical treatment it rendered to the Insureds. (*Id.* ¶ 11). In some instances, the charges submitted by Revival were less than the amounts allowed under the Schedule (hereinafter, "**Subject Charges**"). (*Id.*). Allstate paid 80 percent of the Subject Charges. (*Id.* ¶ 16).

On January 23, 2019, Revival initiated a putative class action against Allstate in state court, seeking a judgment "[d]eclaring that [Allstate] violated Florida law by paying only [80 percent] of the charges submitted where the charges submitted were for less than the amounts allowed under § 627.736(5)(a)(1). (Doc. 1-1, p. 14). On March 7, 2019, Allstate timely removed Revival's action to this Court. (Doc. 1). Allstate and Revival both moved for summary judgment, and the Court entered an order granting summary judgment in Revival's favor. (Doc. 47 (the "**Order**")). Specifically, the Court concluded that Allstate's practice of paying 80 percent of lower billed amounts violated the plain language of the PIP statute. (*Id.* at pp. 8–11). The Court ruled that Allstate must pay either 80 percent of the Schedule or the full lower billed amount. (*Id.*).

On April 8, 2020, Plaintiff filed the instant Motion (Doc. 50), and Defendants responded (Doc. 59).

## II.    STANDARD OF REVIEW

"Questions concerning class certification are left to the sound discretion of the district court." *Griffin v. Carlin*, 755 F.2d 1516, 1531 (11th Cir. 1985). To certify a class action, the moving party must satisfy a number of prerequisites. First, the movant must

demonstrate the named plaintiffs have standing and the class is clearly ascertainable. *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012); *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1265 (11th Cir. 2009). Second, the putative class must meet all four requirements enumerated in Federal Rule of Civil Procedure 23(a). *Little*, 691 F.3d at 1304. Those four requirements are "numerosity, commonality, typicality, and adequacy of representation." *Id.* (quoting *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1188 (11th Cir. 2003)). Third, the putative class must fit into at least one of the three class types defined by Rule 23(b). *Id.*

Certifying a class involves "rigorous analysis of the [R]ule 23 prerequisites." *Vega*, 564 F.3d at 1266 (quoting *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 740 (5th Cir. 1996)). This inquiry is not a merits determination, though the Court "can and should consider the merits of the case [only] to the degree necessary to determine whether the requirements of Rule 23 will be satisfied." *Id.* (quoting *Valley Drug*, 350 F.3d at 1188 n.15).

## III.   DISCUSSION

Plaintiff seeks to certify the following class pursuant to Federal Rule of Civil Procedure 23(a), (b)(1)(A), and (b)(2):

> Any and all Defendant's insureds, and health care providers as assignees of Defendant's insureds, who submitted charges for less than the amount allowed under Fla. Stat. § 627.736(5)(a)1 and received payment of 80% of the charge rather than the full amount of the charge submitted or 80% of the Schedule of Maximum Charges.

(Doc. 50, p. 5).

Plaintiff offers no argument in support of certification under Rule 23(b)(1)(A) and does not seek certification under Rule 23(b)(3). Thus, the Court will only consider certification under Rule 23(b)(2).

4

Rule 23(b)(2) permits class certification if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." F*ED. R. CIV. P.* 23(b)(2). Importantly, Rule 23(b)(2) is inapplicable "when each class member would be entitled to an individualized award of monetary damages." *Dukes*, 564 U.S. at 361. In other words, Rule 23(b)(2) cannot be used to circumvent the requirements of Rule 23(b)(3), which is the proper mechanism for asserting individualized claims for money damages. *See Dukes*, 564 U.S. at 361–62; *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 413 (5th Cir. 1998) ("The underlying premise of the (b)(2) class—that its members suffer from a common injury properly addressed by class-wide relief—'begins to break down when the class seeks to recover back pay or other forms of monetary relief to be allocated based on personal injuries.'" (internal citations omitted)); *AA Suncoast Chiropractic Clinic, P.A. v. Progressive Am. Ins.*, 938 F.3d 1170, 1172–79 (11th Cir. 2019) (denying class certification under Rule 23(b)(2) wherein healthcare provider assignees sued an insurer for improper payment of PIP benefits because the plaintiffs' requests for injunctive and declaratory relief were merely pretenses for obtaining monetary damages).

However, "[m]onetary relief may be obtained in a Rule 23(b)(2) class action so long as the predominant relief sought is injunctive or declaratory." *Murray v. Auslander*, 244 F.3d 807, 812 (11th Cir. 2001). "'[M]onetary relief predominates in (b)(2) class actions unless it is *incidental* to requested injunctive or declaratory relief.'" *Id.* (quoting *Allison*, 151 F.3d at 415). The Eleventh Circuit cited to the Fifth Circuit for the specific criteria for determining whether monetary damages are "incidental":

> By incidental, we mean damages that flow directly from liability to the class *as a whole* on the claim forming the basis

> of the injunctive or declaratory relief. . . . Ideally, incidental damages should be only those to which class members automatically would be entitled once liability to the class (or subclass) as a whole is established. . . . Liability for incidental damages should not . . . entail complex individualized determinations. Thus, incidental damages will, by definition, be more in the nature of a group remedy, consistent with the forms of relief intended for (b)(2) class actions.

*Id.* (quoting *Allison*, 151 F.3d at 415). "The members of a (b)(2) class are generally bound together through 'preexisting or continuing legal relationships' or by some significant common trait such as race or gender." *Hammett v. Am. Bankers Ins.*, 203 F.R.D. 690, 696 (S.D. Fla. 2001) (citing *Holmes v. Continental Can Co.*, 706 F.2d 1144, 1155 n.8 (11th Cir. 1983).

Here, Plaintiff and the putative class are neither bound together by a legal relationship nor a significant common trait. Therefore, Plaintiff and the putative class "lack the class cohesiveness that distinguishes (b)(2) from (b)(3) actions," which increases the "need for and interest in individual representation." *Hammett*, 203 F.R.D. at 696 (citing *Holmes*, 706 F.2d at 1155–56).

Nonetheless attempting to situate its class action within the scope of Rule 23(b)(2), Plaintiff emphasizes that the "predominant relief" requested is a declaration that Defendants misapplied the PIP statute in reimbursing medical provider charges. (Doc. 50, p. 14). Plaintiff claims that the monetary damages sought (*i.e.*, the recalculation of individual class members' benefits) is "incidental" to the equitable relief requested. (*Id.* at pp. 11–18). Plaintiff also tries to obscure the monetary nature of the relief requested by asserting that it only asks for "the readjustment calculation and notice of that recalculation to class members" rather than "actual payment." (*Id.* at p. 12). Defendants argue that "[a]

declaration that money is owed is a Trojan horse with money damages inside." (Doc. 59, p. 3).

The Court agrees with Defendants. If Defendants are found to have violated the PIP statute, then Plaintiff will be entitled to recover the difference between the amount Defendants paid and the amount Defendants should have paid. Thus, while Plaintiff has an interest in obtaining a declaratory judgment that the Defendants violated the PIP statute, the predominant nature of the result it seeks is for money damages. *See Hammett*, 203 F.R.D. at 696–97; *Hall v. Burger King Corp.*, No. 89-0260, 1992 U.S. Dist. LEXIS 18687, at *11 (S.D. Fla. Oct. 26, 1992) (finding that "the predominant relief being sought by the plaintiffs is money damages. . . . While plaintiffs attempt to downplay their request for money damages in an effort to fit under the more relaxed requirements of Rule 23(b)(1) or (2) . . . it is almost ludicrous to assert that damages do not predominate").

Additionally, Plaintiff's effort to hide its request for monetary damages behind a request for a "readjustment calculation and notice of that recalculation to class members" is unsuccessful. (Doc. 50, p. 12–13). First, Plaintiff leaves open the option for actual payment. (*Id.*) ("Even if the requested relief were for actual payment of the unreimbursed amounts due each class member, rather than simply the readjustment calculation and notice of that recalculation to class members, such relief would still be incidental to the declaratory relief obtained."). Second, it defies logic that Plaintiff or any putative class member would be content to do nothing after receiving notice from Defendants that they performed a recalculation and that they owe money. As a practical matter, most—if not all—of the putative class members will instigate actions to collect the amount owed from Defendants upon receipt of such notice.

Moreover, Plaintiff asserts that monetary relief would not involve complex individualized determinations. (*Id.* at pp. 11–18). Plaintiff states that Defendants can "easily and formulaically" recalculate claims in a "purely ministerial" fashion, as demonstrated by Defendants' Notice of Removal and Motion for Summary Judgment. (*Id.* at pp. 13–14, 18). Defendants deny the existence of a uniform method of determining entitlement to PIP benefits, noting that its Notice of Removal and Motion for Summary Judgment merely show the gross amount in controversy rather than class members' actual entitlement to benefits. (Doc. 59, p. 14). Defendants assert that class members' claims are highly individualized and that its methodology of paying lower billed amounts is "only one component of the entire adjusting process." (*Id.* at pp. 15–16).

The Court recognizes that Defendants' previous filings address the amount in controversy rather than entitlement to benefits. Determining class members' entitlement to benefits would involve consideration of the various defenses available to Defendants in each individual case, such as the existence of a prior settlement or judgment, fraudulent or unlawful treatment by a medical provider, exhaustion of benefits, or the lack of a pre-suit demand. (*See id.* at pp. 16–18). While these individualized determinations may not be particularly complicated, this type of case-by-case inquiry is not the type of "incidental" damages envisioned by Rule 23(b)(2). *See, e.g.*, *Allison*, 151 F.3d at 415 (noting that demands for back pay under Title VII and statutorily mandated damages awards constitute incidental damages); *Fair Hous. Ctr. of Cent. Ind. v. Rainbow Realty Grp.*, No. 1:17-cv-178, 2020 U.S. Dist. LEXIS 53084, at *14–16 (S.D. Ind. Mar. 27, 2020) (stating that claims for actual, compensatory, and consequential damages cannot be certified under Rule 23(b)(2) but that a claim for class-wide statutory damages under the Truth in

Lending Act, which flows "directly to class members without individual calculations," can be certified under Rule 23(b)(2)).

Furthermore, Plaintiff's request for declaratory relief is equivalent to a request for a declaration of liability, making class certification under Rule 23(b)(2) inappropriate. *Hammett*, 203 F.R.D. at 697 (citing *Powers v. Government Employees Ins. Co.*, 192 F.R.D. 313, 318 (S.D. Fla. 1998)); *see Suncoast*, 938 F.3d at 1172–79 (stating that certification under Rule 23(b)(2) is improper for "retrospective harm[s]," such as "lost money" or "a lost opportunity to get money" in insurance cases, because declaratory and injunctive relief prevent future harms). Thus, the Court denies class certification under Rule 23(b)(2).[1]

## IV. CONCLUSION

For the reasons set forth herein, the Court finds that Plaintiff failed to satisfy Rule 23(b)(2). Therefore, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Class Certification, Appointment of Class Representative and Class Counsel, and Notice to Class Members (Doc. 50) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on September 29, 2020.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] Because the Court finds that class certification is inappropriate under Rule 23(b)(2), there is no need for the Court to address the requirements under Rule 23(a).